## SUNDAY LAKE IRON COMPANY *v.* TOWNSHIP OF WAKEFIELD.

ERROR TO THE SUPREME COURT OF THE STATE OF MICHIGAN.

No. 38. Argued November 9, 1917.—Decided June 3, 1918.

An unequal tax assessment cannot be held in violation of the equal protection clause of the Fourteenth Amendment, where a purpose of the assessing board to discriminate is not clearly established and where the discrimination may be attributed to an honest mistake of judgment and lack of time and evidence for making general revaluations when objection was made.

The good faith of tax assessors and the validity of their acts are presumed; when assailed the burden of proof is upon the complaining party.

186 Michigan, 626, affirmed.

THE case is stated in the opinion.

*Mr. Horace Andrews*, with whom *Mr. William P. Belden* was on the briefs, for plaintiff in error:

The question of assessing other property was brought to the attention of the State Board at the earliest opportunity in connection with the holding of the special review ordered by the board. It knew of the general under-assessment of property in the district, and had ac-

cess to information sufficient for its guidance in adjusting and equalizing the values. It is no answer to say that no notice had been given of the purpose of the board to hold a general review. Since it had knowledge of the general under-valuation, it should either have called a meeting for a general review, where all property could have been raised justly and relatively in the same proportion, or it should have waited until such time as it could do this in a manner satisfactory to itself. If lack of time can operate as an excuse for failure to treat taxpayers equally under the law, then taxing and other officers can with impunity deny the equal protection of the law to the citizens of a State. On principle, the action of the board was violative of the plaintiff's constitutional rights. It resulted in taking from it thousands of dollars which it did not rightfully owe. Lack of time to make a proper assessment cannot justify such a wrong.

The plaintiff does not seek relief because of the over-assessment of its property. It complains because the Board of State Tax Commissioners raised the assessed value of its property to 100 per cent., while it knowingly left other property generally in the tax district assessed at $33\frac{1}{3}$ per cent. of its value. The board, like any individual, is presumed to have intended all the natural consequences of its acts. It intended, therefore, to assess the plaintiff's property on a basis three times as high as the property generally in the taxing district—on a basis which was not just and equal, and to cause it to pay more than its fair and ratable share of taxes.

Cases wherein the complaint was as to the unreasonable amount of the assessment—that the taxing officers had gone too far in the matter admittedly within their discretion and had assessed the property too high—are here irrelevant.

The board had no discretion or jurisdiction to change the assessment of plaintiff's property so as to make it

relatively three times as high as all other assessments. It was an arbitrary act.

*Mr. James A. O'Neill* for defendant in error.

Mr. Justice McReynolds delivered the opinion of the court.

This is a writ of error to a state court and the only matter for our consideration is the claim that contrary to the Fourteenth Amendment plaintiff in error was denied equal protection of the laws by the State Board of Tax Assessors which assessed its property for 1911 at full value, whereas other lands throughout the county were generally assessed at not exceeding one-third of their actual worth. Proceeding in entire good faith, an inexperienced local assessor adopted the valuation which his predecessor had placed upon the company's property—$65,000.00; the County Board of Review approved his action. Reviewing this in the light of a subsequent detailed report by experts appointed under a special act of the legislature passed in April, 1911, to appraise all mining properties, the State Board raised the assessment to $1,071,000.00; but, because of alleged lack of time and inadequate information, it declined to order a new and general survey of values or generally to increase other assessments, notwithstanding plaintiff in error represented and offered to present evidence showing that they amounted to no more than one-third of true market values.

The purpose of the equal protection clause of the Fourteenth Amendment is to secure every person within the State's jurisdiction against intentional and arbitrary discrimination, whether occasioned by express terms of a statute or by its improper execution through duly constituted agents. And it must be regarded as settled that intentional systematic undervaluation by state officials of

other taxable property in the same class contravenes the constitutional right of one taxed upon the full value of his property. *Raymond* v. *Chicago Union Traction Co.,* 207 U. S. 20, 35, 37. It is also clear that mere errors of judgment by officials will not support a claim of discrimination. There must be something more—something which in effect amounts to an intentional violation of the essential principle of practical uniformity. The good faith of such officers and the validity of their actions are presumed; when assailed, the burden of proof is upon the complaining party. *Head Money Cases,* 112 U. S. 580, 595; *Pittsburgh &c. Ry. Co.* v. *Backus,* 154 U. S. 421, 435; *Maish* v. *Arizona,* 164 U. S. 599, 611; *Adams Express Co.* v. *Ohio,* 165 U. S. 194, 229; *New York State* v. *Barker,* 179 U. S. 279, 284, 285; *Coulter* v. *Louisville & Nashville R. R. Co.,* 196 U. S. 599, 608; *Chicago, Burlington & Quincy Ry. Co.* v. *Babcock,* 204 U. S. 585, 597.

The record discloses facts which render it more than probable that plaintiff in error's mines were assessed for the year 1911 (but not before or afterwards) relatively higher than other lands within the county although the statute enjoined the same rule for all. But we are unable to conclude that the evidence suffices clearly to establish that the State Board entertained or is chargeable with any purpose or design to discriminate. Its action is not incompatible with an honest effort in new and difficult circumstances to adopt valuations not relatively unjust or unequal. When plaintiff in error first challenged the values placed upon the property of others no adequate time remained for detailed consideration nor was there sufficient evidence before the Board to justify immediate and general revaluations. The very next year a diligent and, so far as appears, successful effort was made to rectify any inequality. The judgment of the court below must be

*Affirmed.*