

16

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

Honorable John C. Marburger
County Attorney
Fayette County
La Grange, Texas

Dear Sir:

Opinion No. 0-1645
Re: Re-assessment of the
property of the Fayette
Electric Cooperative, Inc.

We are in receipt of your letter of October 27, 1939, in which you request an opinion of this Department as to the authority of the Commissioners' Court of Fayette County to re-open and re-consider the assessment heretofore made of the property of the Fayette Electric Cooperative, Inc. based upon said Cooperative's petition, a copy of which you forwarded with your letter.

We wish to express our appreciation for the very able brief which you submitted with your letter, in which you concluded that the only time the Commissioners' Court had the authority to re-open and re-assess property was in cases where it had been proved that the statutory requirement for assessment had not been complied with or that the Commissioners' Court in its original assessment had acted fraudulently or had adopted a fundamentally wrong method.

This Department has rendered Opinion No. 0-1342, addressed to the Honorable E. W. Easterling, County Attorney, Jefferson County, Beaumont, Texas, in which a question similar to the one propounded in your letter was answered. This opinion held that Articles 7346 and 7347 of the Revised Civil Statutes authorized a Commissioners' Court to re-assess property only in cases where the statutes were not complied with in the manner of assessments or the Commissioners' Court had acted fraudulently or had adopted a fundamentally wrong method of assessment. A copy of this opinion is enclosed for your further inspection.

We have examined with interest the petition of the Fayette Electric Cooperative, Inc. which was filed before the

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Commissioners' Court of Fayette County. There is no contention in the petition that the statutory method of assessment and of giving notice to appear before the Commissioners' Court or the Board of Equalization was not complied with.

Apparently appellant is basing its petition for reopening the assessment of this property on four grounds. It is necessary that each of these grounds be considered in the light of the rule set down by the Supreme Court of Texas in the case of State vs. Mallet Land and Cattle Co., 88 S. W. (2d) 471, as follows:

> "The rule has been repeatedly announced that, in the absence of fraud or illegality, the action of a board of equalization upon a particular assessment is final; and, furthermore, that such valuation will not be set aside merely upon a showing that the same is in fact excessive. If the board fairly and honestly endeavors to fix a fair and just valuation for taxing purposes, a mistake on its part, under such circumstances, is not subject to review by the courts. Texas & Pacific Ry. Co. v. City of El Paso (Tex. Sup.) 85 S. W. (2d) 245; Rowland v. City of Tyler (Tex. Com. App.) 5 S. W. (2d) 756; Druesdow v. Baker (Tex. Com. App.) 229 S. W. 493; Duck v. Peeler, 74 Tex. 266, 11 S. W. 1111; State v. Chicago, R. I. & G. Ry. Co. (Tex. Com. App.) 263 S. W. 249; Sunday Lake Iron Co. v. Wakefield, 247 U. S. 350, 38 S. Ct. 495, 62 L. Ed. 1154. However, the rule has been declared that if a board of equalization adopts a method that is illegal, arbitrary, or fundamentally wrong, the decision of the board may be attacked and set aside."

First, it is alleged in the petition that the assessment was made arbitrarily by the Commissioners' Court. According to the facts submitted in the opinion request, the property of this corporation was assessed at a valuation less than other property in the same county. If this is true, the corporation has not been injured and would have no right to have this property re-assessed. If this were not true, it would be necessary

Honorable John C. Marburger, Page 3

for the appellant to show that the Commissioners' Court had acted fraudulently before it would be entitled to have its property re-assessed under this first allegation.

The second allegation in the appellant's petition is that the original assessment was made without using or taking into consideration the proper method of assessment. If the facts are as stated in the letter that appellant's property was assessed at a value lower than other property in the county then this allegation would avail them nothing. However, even assuming that appellant's property was assessed at a value greater than corresponding property in the county, then under the above allegation, it would be necessary for it to show that the method of assessment adopted by the Commissioners' Court was fundamentally wrong and such as would allow a district court of this State to set aside the original assessment.

The third allegation in appellant's petition is that the Commissioners' Court did not seek to ascertain the actual reasonable cash market value as provided by Article 7211 of the Revised Civil Statutes. Article 7211 of Vernon's Annotated Statutes reads as follows:

"Hereafter when any person, firm or corporation renders his, their or its property in this State for taxation to any tax assessor, and makes oath as to the kind, character, quality and quantity of such property, and the said officer accepting said rendition from such person, firm or corporation of such property is satisfied that it is correctly and properly valued according to the reasonable cash market value of such property on the market at the time of its rendition, he shall list the same accordingly; but, if the assessor is satisfied that the value is below the reasonable cash market value of such property, he shall at once place on said rendition opposite each piece of property so rendered an amount equal to the reasonable cash market value of such property at the time of its rendition, and if such property shall be found to have no market value by such officer, then at

Honorable John C. Marburger, Page 4

> such sum as said officer shall deem the
> real or intrinsic value of the property;
> and if the person listing such property
> or the owner thereof is not satisfied
> with the value placed on the property by
> the assessor, he shall so notify the
> assessor, and if desiring so to do make
> oath before the assessor that the valua-
> tion so fixed by said officer on said
> property is excessive; such officer to
> furnish such rendition, together with
> his valuation thereon and the oath of
> such person, firm or officer of any corpora-
> tion, if any such oath has been made, to
> the commissioners' court of the county in
> which said rendition was made, which court
> shall hear evidence and determine the true
> value of such property on January First, 19__,
> (here give year for which assessment is made)
> as is herein provided; such officer or court
> shall take into consideration what said
> property could have been sold for any time
> within six months next before the first
> day of January of the year for which the
> property is rendered."

An examination of the above quoted Article indicates
that certain notice is necessary to be given to a taxpayer
before a hearing is held by the Commissioners' Court acting
as a Board of Equalization. There is nothing in appellant's
petition which alleges that this notice was not given and
that the hearing was not regular in all of its details. Of
course, the facts as set out in your letter that the corpora-
tion's property was assessed at a value less than other prop-
erty in the county would nullify this third allegation. How-
ever, under any situation it would be necessary for appellant
under this allegation to prove that its property had been
assessed at a greater value than other property in the county
and that this assessment was a result of fraudulent action on
the part of the Commissioners' Court or a result of their hav-
ing used a fundamentally wrong method of assessment.

Appellant's last and fourth allegation in its peti-
tion is that all other property was assessed at sixty (60%)
per cent of its reasonable cash market value while the property

of that corporation was arbitrarily, unlawfully and without justification and without the use of the proper method of assessment, assessed at a price or valuation in excess of its actual cash market value. Appellant contends that this is violative of the 14th Amendment of the Federal Constitution. Of course, this allegation is based on a fact which is directly in conflict with the facts submitted in your letter. This fourth allegation seems to be a "catch all" allegation. This allegation seems to include each of the other three. It is the opinion of this Department, therefore, that before the Fayette Electric Cooperative, Inc. can sustain its position of having its prior assessment opened and its property re-assessed it will be necessary to prove what they have alleged in their fourth allegation -- that is, that its property was assessed at a value greater than other corresponding property in the county and that such assessment was a result either of fraudulent action on the part of the County Commissioners' Court or that said Court in making the assessment had adopted a fundamentally wrong method.

We trust that the above information will serve as a basis for the consideration of the application of Fayette Electric Cooperative, Inc. to have its property re-assessed.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _Billy Goldberg_
Billy Goldberg
Assistant

BG:RS     APPROVED NOV 17, 1939

_Gerald C. Mann_

ATTORNEY GENERAL OF TEXAS


APPROVED
OPINION
COMMITTEE
BY _BWB_
CHAIRMAN