Earle A. HANSELMAN, Edwin Hefti, Carl Hanselman, Harold Wolf, Loyd M. Larson, George W. Story, Leroy Hanselman, Richard May, Ardis Rockwood, Ada Frank, Appellants,

v.

HUMBOLDT COUNTY, Iowa, Lawrence J. Lerdal, Auditor of Humboldt County, Iowa, Phyllis Christensen, Treasurer of Humboldt County, Iowa, Marie Phillips, Assessor of Humboldt County, Iowa, and Kossuth County, Iowa, Marc Moore, Auditor of Kossuth County, Iowa, Donald J. Jorgenson, Treasurer of Kossuth County, Iowa, Larry Hudson, Assessor of Kossuth County, Iowa, LuVerne Community School District, Harry Naffziger, President, and Rose Patterson, Secretary, Appellees.

No. 53818.

Supreme Court of Iowa.

Dec. 9, 1969.

Mitchell, Mitchell, Murray & Goode, Fort Dodge, for appellants, Earle A. Hanselman, Edwin Hefti, Carl Hanselman, Harold Wolf, Loyd M. Larson, George W. Story, Leroy Hanselman, Richard May, Ardis Rockwood and Ada Frank.

John Mansfield, County Atty., for appellees, Humboldt County, Lawrence J. Lerdal, Auditor of Humboldt County, Phyllis Christensen, Treasurer of Humboldt County, Marie Phillips, Assessor of Humboldt County.

Joseph Straub, Algona, for appellees, Kossuth County, Marc Moore, Auditor of Kossuth County, Donald J. Jorgenson, Treasurer of Kossuth County, Larry Hudson, Assessor of Kossuth County.

Shumway, Fristedt & MacDonald, Algona, for appellees, LuVerne Community School District, Harry Naffziger, President, and Rose Patterson, Secretary.

REES, Justice.

Plaintiffs are taxpayers owning lands in LuVerne Community School District in Humboldt County. The school taxing district embraces a small area of Humboldt County and a larger area of Kossuth County.

The County Assessor of Humboldt County in preparing the assessments for the county for 1968, raised the valuations and the increased valuations were further raised by order of the Director of the Iowa Department of Revenue to an overall figure approximately 34 percent higher than the assessed valuations for 1967. The County Assessor of Kossuth County was directed to increase the valuations of real estate by 35 percent for 1968, but in December 1968 Kossuth County instituted an action in Polk County against the Iowa Department of Revenue seeking to enjoin the department from making any further orders with respect to the increase of assessed valuation of real or personal property in Kossuth County. On January 8, 1969, an order was entered by the District Court of Polk County, Hon. Gibson C. Holliday, Judge, enjoining the Department of Revenue from making any further or final orders in regard to the valuation of property in Kossuth County and from enforcing any order in connection therewith, and directing the department to certify to Kossuth County the approval of values theretofore certified by Kossuth County with any agreed modifications. In the findings of fact and conclusions of law the Polk County District Court found the property in Kossuth County was assessed at 27 percent of actual value. Approximately 47 separate cases had been filed by various counties and cities throughout the State similar to the action begun by Kossuth County against the Department of Revenue, but neither Humboldt County nor any political subdivision within the county, nor any of the appellants herein commenced any similar action against the Department.

For the taxable year 1967 the valuations of property in Humboldt and Kossuth Counties were fairly equal, only a slight discrepancy resulting in a lower valuation in Kossuth County. In years prior to 1967 the assessed valuation of real property in Kossuth County exceeded the assessed valuation of real estate in Humboldt County.

The record before the trial court was made up by an extensive stipulation of facts. It was stipulated the property in Humboldt County in the LuVerne Community School District had a valuation after increases made by the County Assessor and the Department of Revenue of $1,694,709.00; and the property in the school district in Kossuth County, without increases, was valued at $4,779,229.00. Of the 252 students in the school district 41 reside in Humboldt County and 211 in Kossuth County.

The parties further stipulated that in the event the trial court ordered the county auditors of Kossuth and Humboldt to recompute the millage rates so that the integrity of the budget of the school district will be preserved and no shortage of funds results, the county auditor of Kossuth County would be required to recompute all taxes within Kossuth County because the millage rate for the County Board of Education depends upon the assessed valuation of all property in the several school districts in the county. The parties also stipulated as to the then financial conditions and budgetary positions of other school districts and municipal corporations within Kossuth County.

None of the appellants appealed to the Humboldt County Board of Review subsequent to the increase in valuations involved here for 1968, and took no steps other than to institute the instant action to seek review of the increase in valuation. Only taxes for 1968 are here involved. The difference in valuations as between the counties of Kossuth and Humboldt results in owners of lands in Humboldt County within the school district paying $1.00 per acre more in taxes than would owners of lands of similar actual value in Kossuth County.

The value of all properties in the Lu-Verne District (the aggregate of LuVerne-Kossuth County property of $4,779,229.00 plus LuVerne-Humboldt of $1,694,709.00) after the adjustments or increases applied to the Humboldt property for 1968, was $6,473,938.00. The millage rate to be applied thereto to raise the LuVerne School budget of $235,402.19 is 36.35 mills. Before the property valuations were increased as to lands in Humboldt County, the value of all property in LuVerne District, based on 1967 valuations (Kossuth-LuVerne $4,779,229.00—Humboldt-LuVerne $1,383,507.00) aggregated $6,162,736.00. The millage rate to be applied to raise the LuVerne District budget is 38.19 mills.

The trial court found the actions of the administrative officials did not violate fundamental constitutional principles and the court was without authority to order such officers to make the changes in valuation and assessment sought, denied the injunctive relief prayed for and dismissed the petition. We reverse.

I. We are not insensible to the administrative problems which necessarily follow our reversal; but we conclude such problems on balance should not preclude proper relief to appellants. The use of sophisticated procedures certainly renders the labor of reevaluating the property in the school district and impressing a different levy thereto less than arduous. This problem is necessarily concomitant with our determination to reverse. We are also mindful that chapter 356 of the Acts of the Sixty-second General Assembly will require some recomputation of other taxes in Kossuth County. The overriding consideration must be, however, that the appellants are entitled to the relief sought.

It is well settled the systematic and intentional valuation of a particular kind of property at a higher percentage of its actual value than that at which other kinds of property are valued, or the systematic and intentional assessment of taxes on a particular kind of property at a higher rate than that imposed on property of the same kind cannot be upheld. Raymond v. Chicago Union Traction Co., 207 U.S. 20, 42, 28 S.Ct. 7, 14, 52 L.Ed. 78; 51 Am.Jur. 229; Constitution of U.S. Amendment 14, sec. 1; Constitution of Iowa Art. III sec. 30. It could not be said the methods of valuation

employed by Kossuth and Humboldt Counties were not systematic, nor that they were not intentional; indeed, a more "systematic" or "intentional" method could not be contrived. Being so systematic, intentional and deliberate, the result is grossly and unmistakably unconstitutional.

■ II. Appellees Kossuth County and its officers assert the appellants (1) have not shown intentional and arbitrary discrimination entitling them to invoke the equal protection clause of the 14th Amendment, Constitution of the United States, (2) appellants' action is a collateral attack on the judgment of the Polk County District Court in enjoining the Department of Revenue from enforcing its orders, (3) the court cannot fix the valuations of classes of property in this cause, (4) the granting of a permanent injunction is precluded by the "balance of convenience" rule, (5) appellants had not exhausted their administrative remedies, (6) appellants are entitled to prospective relief only, and (7) appellants were guilty of laches barring their entitlement to relief. We have disposed of (1) hereinabove. There is no merit in (2); this appeal in no way disturbs the efficacy or enforceability of Judge Holliday's order. As to (3) the fixing of valuations of classes of property is not sought, only the equalization of assessed valuations of property of a given class in the same taxing district. The matter of the granting of a permanent injunction (4) will be touched upon hereinafter. (5) It is clear no administrative remedy was available to appellants; they were faced with a factual situation not foreseen or contemplated by sections 441.37 and 441.38, Code, 1966, and clearly not relatable to the factual situation in Younker Bros., Inc. v. Zirbel, 234 Iowa 269, 12 N.W.2d 219, 151 A.L.R. 242, cited by appellees. The appellees' further assertion prospective relief only may be afforded (6) appellants is not supported by their cited authorities, (Southern Pacific Co. v. Cochise County,

92 Ariz. 395, 377 P.2d 770; Pierce v. Green, 229 Iowa 22, 294 N.W. 237, 131 A. L.R. 335; Sunday Lake Iron Co. v. Township of Wakefield, 247 U.S. 350, 38 S.Ct. 495, 62 L.Ed 1154) although it is true that in each of the cited cases, prospective relief only was afforded. The facts in this case are not equatable to the facts in the cited cases. The claim of laches (7) is not valid; in truth the appellees are in the somewhat anomalous position of complaining that appellants might or should have intervened in the suit of Kossuth County and on the other hand complain that appellants were required to exhaust administrative remedies; in any event, the suit of appellants was instituted in March only a few weeks following the Polk County decree, neither of the elements of laches, i.e. inexcusable delay or substantial damage to another is here present. Copeland v. Voge, 237 Iowa 102, 20 N.W.2d 2.

■ To order injunctive relief at this time would serve no useful end—the taxes assessed have undoubtedly been paid, or if not paid are now delinquent.

The integrity of the budget of LuVerne Community School District must be secured and protected to the end that the district shall have available to it the moneys required for its needs. This will require the entry of a decree of the district court establishing and ordering a school district levy of 38.19 mills to be impressed on all of the property in the district, with all of said property being valued at the 1967 valuation level. The cause is therefore reversed and remanded with directions to the trial court to enter decree in keeping herewith.

Reversed and remanded.

MOORE, C. J., and LARSON, SNELL, STUART, MASON, BECKER and LeGRAND, JJ., concur.