**William V. WEAVER and Ladene P. Weaver, Appellants (Petitioners below),**

**v.**

**STATE BOARD OF EQUALIZATION for the State of Wyoming, Appellee (Respondent below).**

**No. 4185.**

Supreme Court of Wyoming.

June 25, 1973.

Lathrop, Uchner & Mulliken and David D. Uchner, Cheyenne, for appellants.

Robert J. Oberst, Special Asst. Atty. Gen., Cheyenne, for appellee.

Before PARKER, C. J., and McEWAN, GUTHRIE, and McINTYRE, JJ.

Mr. Chief Justice PARKER delivered the opinion of the court.

The Weavers own various lands in Sections 17 and 18, Township 14 North, Range 66 West of the 6th P.M., Laramie County, located a short distance north of the Cheyenne city limits. When the county assessor valued such property for 1971 tax purposes at an amount much higher than that at which it had been previously assessed,[1] the Weavers filed a written protest with

---

1. Two acres of platted land increased from $50 an acre to $200 an acre, and approximately 309 acres of unplatted pasture land increased from $3.75 an acre to $25 an acre.

the Laramie County Board of Equalization. This was acted upon adversely to petitioners who appealed successively to the State Board of Equalization and the Laramie County District Court each time with the same result. The court's decision has now been appealed, the petitioners arguing generally that the assessment was void since the board acted arbitrarily, capriciously, and fraudulently, and specifically contending that (1) mandatory statutory procedures were ignored in making the assessment and (2) petitioners' lands were not assessed uniformly and equalized as required by law.

The first question raised in the appeal does not merit detailed or lengthy consideration. Although it is alleged that the assessor made "changes in the schedule" to bring the matter within the purview of § 18–98(j), W.S.1957, 1971 Cum.Supp., we find nothing to bear this out. There is no showing that any change in the schedule was made by the assessor, the record merely reflecting that the valuation placed on the land in 1971 by the assessor was greater than that of the previous year. Likewise, it is unnecessary that attention be devoted to the complaint that there were various errors in procedure regarding the assessment since it is unchallenged that the Weavers knew that the raise in valuation had been made and had an opportunity to appear and present their views. Judge Blume in the landmark case of Bunten v. Rock Springs Grazing Ass'n, 29 Wyo. 461, 215 P. 244, 256, noted that mere technical objections or even legal omissions in assessing property or collection of a tax usually do not affect in the slightest degree the strong equitable obligation of a taxpayer to pay his fair and just proportion of support for government; and in the instant case it is clear that the procedural errors deprived them of no fundamental rights and, in fact, were in no way detrimental to them.

The second charge of error that the petitioners' lands were not assessed uniformly with regard to adjacent lands in the area would appear on its face to be more serious, the Wyoming Constitution, Art. 1, § 28, being unequivocal in its statement that "All taxation shall be equal and uniform." As was said in Sunday Lake Iron Company v. Township of Wakefield, 247 U.S. 350, 352–353, 38 S.Ct. 495, 62 L. Ed. 1154, "it must be regarded as settled that intentional systematic undervaluation by state officials of other taxable property in the same class contravenes the constitutional right of one taxed upon the full value of his property." In that case the matter under consideration was a claim that there had been a violation of the equal protection clause of the Fourteenth Amendment, but, of course, the imposition of a tax burden resulting from a systematic, arbitrary, or intentional undervaluation of some property, as compared to the valuation of other property in the same class, would violate the uniformity clause of our State constitution as well as the equal protection clause of the Federal constitution.

Because of the claim of petitioners that there was serious disparity in the valuation placed by the assessor upon the lands in the immediate area of protestants' property, we have made a careful review of the record. The assessor was frank to admit that in certain instances there might be parcels of land that needed to be adjusted, that some difficulty had been encountered because of the numerous landowners in that area, and that he knew he had missed a couple of them in 1971, which further investigation had enabled his office to pick up. He also made it clear that other properties in the area were valued differently because of factors such as topography and access. In any event, as this court observed in Scott Realty Company v. State Board of Equalization, Wyo., 395 P. 2d 289, 290, the burden of proof in matters of this nature is upon the taxpayer; our examination of the record shows that while petitioners alluded to disparities in the valuation they failed to develop this aspect

and thus did not present any facts to substantiate lack of uniformity and equalization of taxation. Accordingly, the judgment must be affirmed.

Affirmed.