On Remand from the Alabama Supreme Court

CRAWLEY, Judge.
In 1999, Cathy McCord-Baugh sued the Birmingham City Board of Education and individual members of the Board (hereinafter referred to collectively as “the Board”), alleging breach of an employment contract and violation of her constitutional right to equal protection of the law. She sought damages pursuant to 42 U.S.C. § 1983 and a judgment declaring that the Board had violated its own policies and procedures by improperly classifying and paying her as a “special-projects coordinator” rather than as a “community-school coordinator.” On February 15, 2002, this court affirmed a summary judgment entered by the Jefferson Circuit Court in favor of the Board, thereby rejecting McCord-Baugh’s breach-of-contract and equal-protection arguments. McCord-Baugh v. Birmingham City Bd. of Educ., 894 So.2d 672 (Ala.Civ.App.2002).
Specifically, with respect to the equal-protection claim, we held that it was not enough that McCord-Baugh presented evidence tending to show that the Board treated her differently from other similarly situated persons. To prevail on her equal-protection claim, we held, McCord-Baugh was also required to present substantial evidence indicating that the Board had acted with the intent to discriminate against her on the basis of her race, gender, religion, or some other impermissible basis.
*693 On April 2, 2004, the Alabama Supreme Court reversed our judgment, holding that it was in conflict with the decision of the United States Supreme Court in Village of Willowbrook v. Olech, 528 U.S. 562, 120 S.Ct. 1073, 145 L.Ed.2d 1060 (2000). Ex parte McCord-Baugh, 894 So.2d 679 (Ala.2004).
In Olech, a homeowner sued the Village of Willowbrook, alleging that the Village had denied her equal protection of the law by conditioning her request to be connected to the municipal water supply on her granting the Village a 33-foot easement when, she claimed, the Village had required only a 15-foot easement from other property owners seeking access to the municipal water supply. The homeowner maintained that the Village’s demand for a 33-foot easement was “ ‘irrational and wholly arbitrary’ ” and that it was motivated by ill will stemming from an unrelated successful lawsuit that the homeowner had previously filed against the Village. 528 U.S. at 563, 120 S.Ct. 1073.
In Olech, the federal district court had dismissed the homeowner’s lawsuit pursuant to Rule 12(b)(6), Fed.R.Civ.P., for failure to state a claim for relief. The Court of Appeals for the Seventh Circuit had reversed, holding that the homeowner’s allegation of subjective ill will on the part of the Village sufficiently alleged an equal-protection claim. The United States Supreme Court granted a writ of certiorari to determine “whether the Equal Protection Clause gives rise to a cause of action on behalf of a ‘class of one’ where the plaintiff did not allege membership in a class or group.” 528 U.S. at 564, 120 S.Ct. 1073 (footnote omitted). The Court held:
“Our cases have recognized successful equal protection claims brought by a ‘class of one,’ where the plaintiff alleges that she has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment. See Sioux City Bridge Co. v. Dakota County, 260 U.S. 441 (1923); Allegheny Pittsburgh Coal Co. v. Commission of Webster Cty., 488 U.S. 336 (1989). In so doing, we have explained that ‘ “[t]he purpose of the equal protection clause of the Fourteenth Amendment is to secure every person within the State’s jurisdiction against intentional and arbitrary discrimination, whether occasioned by express terms of a statute or by its improper execution through duly constituted agents.” ’ Sioux City Bridge Co., supra, at 445 (quoting Sunday Lake Iron Co. v. Township of Wakefield, 247 U.S. 350, 352 (1918)).
“... The complaint also alleged that the Village’s demand was ‘irrational and wholly arbitrary’ and that the Village ultimately connected her property after receiving a clearly adequate 15-foot easement. These allegations, quite apart from the Village’s subjective motivation, are sufficient to state a claim for relief under traditional equal protection analysis.”
528 U.S. at 564-65, 120 S.Ct. 1073.
Although some courts have expressed doubt about the applicability of the “class-of-one” theory to an employment-based equal-protection claim, see Campagna v. Massachusetts Department of Environmental Protection, 206 F.Supp.2d 120, 126 (D.Mass.2002), our supreme court has determined that Olech is applicable in this context and we are bound by that determination. See § 12-3-16, Ala.Code 1975.
Therefore, in accordance with the opinion of the Alabama Supreme Court, the judgment of the Jefferson Circuit Court is reversed and the cause is remanded for further proceedings consistent with the *694 principles expressed in Ex parte McCord-Baugh, 894 So.2d 679.
REVERSED AND REMANDED.
YATES, P.J., and THOMPSON, PITTMAN, and MURDOCK, JJ., concur.