STATE OF MAINE                          SUPERIOR COURT
HANCOCK, ss                             DOCKET NO. AP-09-02
                                        K MC -HAN - 10/19/2010


PAUL B. FITZGERALD
        Plaintiff/Appellant

RECEIVED & FILED

OCT 19 2010

HANCOCK COUNTY
COURTS

        V.

TOWN OF SWANS ISLAND
        Defendant/Appellee


Decision and Order

        This matter is before the Court on a Complaint by
Plaintiff/Appellant filed pursuant to M.R. Civ. P. 80B.
This matter was argued to the Court on September 3, 2010.

Background

        Plaintiff sought an abatement of his tax from the Town
of Swans Island tax assessor. The Town assessed Plaintiff's
property as having a valuation of $25,000 for land,
$300,000 for the main house, and $25,000 for accessory
structures, respectively. The Town granted an abatement
with respect to the accessory structures (garage) but not
plaintiff's home (See Record on Appeal at 91)[hereinafter
RA at ___]. Plaintiff appealed that decision to the
Hancock County Commissioners and, following an evidentiary
hearing, they denied plaintiff's appeal on the grounds that
"the commissioners have insufficient information regarding
the methodology utilized by the town in making the
assessment." The appeal to this Court followed.

        Plaintiff argued that the Town unfairly and
arbitrarily assessed his property in relation to similar
properties on Swans Island and violated Maine law with
respect to the assessment methods used in the valuation
process.

1

Plaintiff further argued that the Town applied its tax assessment practices to plaintiff unfairly and in a manner, and according to, standards different than those applied to other similarly situated properties on Swans Island.

Standard of Review

The Law Court in *Ram's Head Partners, LLC v. Cape Elizabeth,* 2003 ME 131, ¶ 9, 834 A.2d 916, 919, advised that the proper standard of review involved the following:

> A town's tax assessment is presumed to be valid.... To be entitled to an abatement, a taxpayer must show that an assessment is "manifestly wrong" by proving "that the property is substantially overvalued, there was unjust discrimination, or that the assessment was fraudulent."

*Id.* (quoting *City of Biddeford v. Adams,* 1999 ME 49, ¶ 13, 727 A.2d 346, 349).

After noting the Constitutional underpinnings, both State and Federal, of an unjust discrimination claim, the *Rams Head* Court went on to note that a "taxpayer can prove discrimination only if they show that the assessor's system necessarily results in unequal apportionment." *Id.* ¶ 10, 834 A.2d at 919 (citation omitted). Further, the Law Court noted that "[t]he constitutional requirement is the seasonable attainment of a rough equality in tax treatment of similarly situated property owners." In addition, "the fairness of one's allocable share of the total property tax burden can only be meaningfully evaluated by comparison with the share of others similarly situated relative to their property holdings." *Id.* (citation omitted).

The *Ram's Head* Court additionally opined:

> On the other hand, "some specific instances here and there" of undervaluation, "(s)poradic differences in valuation, or mere errors of judgment on the part of the assessors" do not necessarily establish unjust discrimination. *Kittery Elec. Light Co.,* 219 A.2d at 740; *see also Sunday Lake Iron Co. v. Township of Wakefield* 247 U.S. 350, 353, 38 S.Ct. 495, 62 L.Ed. 1154 (1918) ("[M]ere errors of judgment by officials will not support a claim of discrimination. There must be something more-something which in effect

2

amounts to an intentional violation of the essential principle of practical uniformity.")

*Id.* ¶ 11, 834 A.2d at 919.

## Discussion

A review of the record on appeal is helpful and guides the Court's analysis. The Commissioners spent significant time discharging their responsibility on appeal at a hearing and in discussing the factual presentation before them.

The Swans Island selectmen/assessors acknowledged that their assessment methodology included the use a single farmhouse on the island, which they valued at $118,000, as a base to value all of the other houses it assessed. The comparison purportedly included factors to account for size, condition, and the number of bathrooms in each assessed residence. (RA at 161, 162.) However, the Town had no records reflecting the exact size of any one of the houses it assessed, including the Plaintiff's residence. (RA at 166.) Nor did the Town show how it specifically calculated the value of the house in question. (RA at 166,183.) Rather than using a formula or discrete methodology, the Town's approach to assessment of houses appears to the Court to have been based on entirely subjective, almost unquantifiable factors. (RA at 181.)

The Commissioners denied the Plaintiff's abatement request based on their conclusion that the Town of Swans Island had provided no methodology from which the Commissioners could evaluate the adequacy of the Town's assessment. (RA at 262.) They concluded from this that it was practically impossible for this petitioner, or any petitioner similarly situated, to prove their case on abatement.

In this instance, the Petitioner has provided more then 20 examples of other properties each valued/assessed differently by the Town assessors consistent with their admitted approach of subjective evaluation without any supportive methodology identifying, justifying, or explaining the differences in valuation in terms of comparable and non-comparable houses. This Court concludes that the taxpayer has met his burden of proving discrimination by showing from the exhibits and the testimony of the assessors that the Town's lack of a

3

discernable assessment "system," other than comparing all assessed properties to one residence on the island, necessarily results in unequal apportionment through subjective assessments. *Ram's Head,* 2003 ME 131, ¶ 10, 834 A.2d at 919.

The appeal is granted and the matter is remanded to the County Commissioners to be remanded to the Swan Island Assessors to develop a methodology[1] for assessing properties on Swans Island that will use criteria leading to relative consistency of the valuation of property, including houses. Using whatever methodology the Town chooses to adopt, the Court further orders the Town to reassess the valuation of Plaintiff's/Appellant's property and, if appropriate, grant an abatement of the taxes assessed in this matter. It is to be understood that the methodology ultimately employed by the Town will involve the exercise of discretion and judgment that may result in differences in valuation of property to some degree. *Ram's Head,* 2003 ME 131, ¶ 11, 834 at 919.

The entry is:

1. The Plaintiff's M.R. Civ. P. 80B is GRANTED, and the matter remanded consistent with the terms of this Order.

2. At the direction of the Court, this Order shall be incorporated into the docket by reference pursuant to M.R. Civ. P. 79(a).

October 19, 2010

Kevin M. Cuddy
Justice, Superior Court

A TRUE COPY
Attest _____ X. Harding
Clerk of Court

---

[1] For some guidance as to the methods of assessment the Law Court has found acceptable over the years *See, e.g., South Portland Assoc. v. City of South Portland,* 550 A.2d 363, 366-67 (Me. 1988) (quoting *Shawmut Inn v. Town of Kennebunkport,* 428 A.2d 34, 390 (Me. 1981) (accepting the market approach (comparable sales), the cost approach and the income approach as viable tools for helping assessors calculate a property's market value).

4

Date Filed __3/31/2010__ _____HANCOCK_____ Docket No. __ELLSC-AP-2010-002__
                                County

Action __Rule 80B APPEAL__

ASSIGNED TO JUSTICE KEVIN M. CUDDY


PAUL B. FITZGERALD                     vs.   TOWN OF SWANS ISLAND

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| DANIEL A. PILEGGI, ESQ | Valerie Chiasson, Esq |
| ROY, BEARDSLEY, WILLIAMS & GRANGER | Giunta and Chiasson, LLC |
| P O BOX 723 | P O BOX 735 |
| ELLSWORTH ME   04605 | 130 Old Oak Street, Suite 9 |
| | Ellsworth, ME   04605 |

Date of
Entry