ROSEMARIE E. HARRISON, PETITIONER *v*. COMMISSIONER OF
INTERNAL REVENUE, RESPONDENT

Docket No. 15074–10.          Filed May 1, 2012.

P, a citizen of the Federal Republic of Germany and a resident alien of the United States, was employed in the United States by the Federal Republic of Germany, Office of Defense Administration, U.S.A. and Canada and received wages during 2006–08. P claims her wages were exempt from U.S. taxation under I.R.C. sec. 893(a) and the Agreement Between the Parties to the North Atlantic Treaty Regarding the Status of Their Forces (NATO SOFA), June 19, 1951, 4 U.S.T. 1792. *Held*: P's wages are not exempt from taxation under I.R.C. sec. 893(a). *Held*, *further*, P does not benefit from the provisions of NATO SOFA.

Rosemarie E. Harrison, pro se.
*Matthew S. Reddington*, for respondent.

MARVEL, *Judge*: Respondent determined deficiencies in
petitioner's Federal income taxes of $18,637, $18,904, and

$31,924 for 2006, 2007, and 2008, respectively, and an addition to tax under section 6651(a)(1)[1] of $7,846 for 2008. After a concession,[2] the sole issue for decision is whether petitioner's wages paid by the Federal Republic of Germany (Germany), Office of Defense Administration, U.S.A. and Canada (German Defense Administration) are exempt from taxation under section 893(a) or the Agreement Between the Parties to the North Atlantic Treaty Regarding the Status of Their Forces (NATO SOFA), June 19, 1951, 4 U.S.T. 1792.

### FINDINGS OF FACT

Some of the facts have been stipulated. The stipulation of facts is incorporated herein by this reference. Petitioner resided in Virginia when she filed her petition.

### I. *Background*

Petitioner came to the United States in the 1970s. During the years at issue petitioner was a citizen of Germany and a permanent resident of the United States. As a permanent resident of the United States, she held a U.S. permanent resident card (green card). *See* Immigration and Nationality Act (INA), ch. 477, sec. 264, 66 Stat. at 224 (1952). The green card permits petitioner to reside in the United States. The parties stipulated, and we find on the basis of the record as a whole, that during the years at issue petitioner ordinarily was resident in the United States.

On January 1, 1977, petitioner began her employment with the German Defense Administration in Reston, Virginia. The German Defense Administration is a miscellaneous foreign government office (MFGO), as classified by the U.S. Department of State in its listing of German Missions dated August 17, 2007.[3] The U.S. Department of State did not issue a cer-

---

[1] Unless otherwise indicated, section references are to the Internal Revenue Code (Code) in effect for the years at issue, and Rule references are to the Tax Court Rules of Practice and Procedure. Monetary amounts have been rounded to the nearest dollar.

[2] Respondent concedes that petitioner timely filed her return for 2008 and that therefore she is not liable for the sec. 6651(a)(1) addition to tax.

[3] "MFGO" is a designation that the U.S. Department of State uses to categorize a foreign government entity or operation that is not part of or does not carry out diplomatic or consular operations. Employees of an MFGO are not diplomats or consular employees.

Petitioner's employment contract identifies her employer as the German Armed Forces Command, United States and Canada (German Armed Forces Command). Petitioner testified that her employer was the German Armed Forces Command. However, petitioner's Forms W–2, Wage and Tax Statement, and the parties' stipulations identify the German Defense Adminis-

Continued

tification under section 893(b), *see infra* p. 344, to the German Defense Administration.

Petitioner was employed by the German Defense Administration as a local hire personnel; her place of work was at Dulles International Airport in Sterling, Virginia. During the last 15 years of her employment, she held the position of administrative analyst and transportation specialist.[4] Petitioner received wages from the German Defense Administration of $83,249, $85,275, and $126,863 for 2006, 2007, and 2008, respectively. Germany did not impose a tax on the wages that petitioner received from the German Defense Administration for the years at issue.

Petitioner did not sign a waiver under section 247(b) of the INA.[5] Petitioner was retired as of the date of trial.

## II. *Procedural History*

Petitioner timely filed her 2006–08 Federal income tax returns and attached to the returns letters stating that her salary was tax exempt under section 893. In her letters to the Internal Revenue Service (IRS), she stated that the IRS had ruled on her tax-exempt status in a letter dated June 8, 1981.[6] In the notice of deficiency respondent determined that petitioner's wages were taxable.

OPINION

## I. *Burden of Proof*

Generally, the Commissioner's determinations in the notice of deficiency are presumed correct, and the taxpayer bears the burden of proving that they are erroneous. *See* Rule 142(a); *Welch v. Helvering*, 290 U.S. 111, 115 (1933). Petitioner does not contend that section 7491(a) shifts the burden of proof to respondent. In any case, we need not decide

---

tration as her employer. According to the listing of German Missions of the U.S. Department of State dated August 17, 2007, the German Armed Forces Command is a mission separate from the German Defense Administration. However, both are classified as MFGOs, and our resolution of the issues in this case is unaffected by the different references to petitioner's employer in the record.

[4] Petitioner's employment contract refers to her position title as "expeditor".

[5] If an employee of a foreign government executes and files with the Attorney General the waiver under sec. 247(b) of the INA, the employee waives the exemption under sec. 893 effective from the date of the waiver. *See* sec. 1.893–1(a)(5), Income Tax Regs.

[6] In the June 8, 1981, letter, the IRS informed petitioner that the examination of her tax return for 1978 resulted in no change in the tax reported.

whether section 7491(a) applies to the material factual issues in this case because our resolution of the issues is based on the preponderance of the evidence rather than on the allocation of the burden of proof. *See Knudsen v. Commissioner*, 131 T.C. 185, 189 (2008).

II. *Taxation of Petitioner's Wages*

As described above, petitioner is a permanent resident of the United States. "A lawful permanent resident is an individual who has been lawfully granted the privilege of residing permanently in the United States as an immigrant in accordance with the immigration laws." Sec. 301.7701(b)–1(b)(1), Proced. & Admin. Regs. Because petitioner is a lawful permanent resident of the United States, she is treated as a "resident alien" for Federal income tax purposes. *See* sec. 7701(b)(1)(A)(i); sec. 301.7701(b)–1(b)(1), Proced. & Admin. Regs. Resident aliens, like other individual taxpayers, must include compensation for services, such as wages, in their gross income. *See* sec. 61(a).

Petitioner, however, contends that her wages are exempt from taxation. First, she contends that her wages are exempt from tax under section 893. Pursuant to section 893, compensation of employees of a foreign government or international organization received for official services is exempt from tax if (1) the employee is not a citizen of the United States;[7] (2) in the case of an employee of a foreign government, the services are of a character similar to those performed by U.S. Government employees in foreign countries; and (3) in the case of an employee of a foreign government, the foreign government grants an equivalent exemption to U.S. Government employees performing similar services in the foreign country. *See also* sec. 1.893–1(a)(1), Income Tax Regs. Section 893(b) requires the Secretary of State to certify to the Secretary of the Treasury information with respect to the second and third conditions. *See also* sec. 1.893–1(a)(2), Income Tax Regs. However, in *Abdel-Fattah v. Commissioner*, 134 T.C. 190, 211 (2010), we held that section 893 does not require the U.S. Department of State's certification

---

[7] Respondent concedes that petitioner meets the first condition in that she is not a citizen of the United States.

as a condition of a claim of exemption by an employee of a foreign government.

On June 25, 2007, the U.S. Department of State issued a certification under section 893(b) for the Embassy of Germany, but the certification does not address German MFGOs.[8] Neither the Embassy of Germany nor the German Defense Administration requested the U.S. Department of State to issue a section 893(b) certification for the German Defense Administration, and the U.S. Department of State did not issue a certification with respect to the German Defense Administration.

Although the U.S. Department of State did not issue a certification with respect to the German Defense Administration as section 893(b) provides, under *Abdel-Fattah v. Commissioner*, 134 T.C. at 211, petitioner may still claim the exemption under section 893(a) if she establishes that she performed services of a character similar to those performed by U.S. Government employees in foreign countries and that the German Government grants an equivalent exemption to U.S. Government employees performing similar services in Germany.

The record does not establish that the third condition for exemption, the reciprocity condition, is met with respect to petitioner. The parties stipulated:

German income tax law, Einkommensteuergesetz ("EStG"), does not provide an income tax exemption for U.S. Government employees who are permanent residents of Germany, as defined in Sections 8 and 9 of the Fiscal Code of Germany or "Abgabenordnung," or for U.S. Government employees working in Germany who do not have diplomatic or consular ranking, regardless of their residence status in Germany.

The parties stipulated the relevant provisions of the German law. The first relevant provision, paragraph 29 of section 3 of the German income tax law, Einkommensteuergesetz (EStG), provides that tax-exempt income includes:

---

[8] The certification issued for the Embassy of Germany states that the Government of Germany exempts from taxation the salary and emoluments of employees of the U.S. Government who are:

1. diplomatic representatives of the United States, an official assigned to them, or persons in their service and are not German citizens or permanent residents; or

2. career consuls, consulate employees or part of their staff that are U.S. citizens and either not permanent residents in Germany or not engaged in trade or other remunerative activity outside their official duties.

the salary and the payments

 a) made to the diplomatic representatives of foreign States, the officials assigned to them and persons in their service. This shall not be applicable to German citizens or to persons permanently resident in their national territory;[9]

 b) made to professional consular officers, consular employees and their staff, to the extent that they are members of the Sending State. This shall not be applicable to persons who are permanently resident in their national territory or practice a profession, trade or other gainful occupation outside their office or service * * *

Article 8 of the Fiscal Code of Germany states that persons are considered "resident at the place at which they maintain a dwelling under circumstances from which it may be inferred that they will maintain and use such dwelling." The German law, therefore, does not grant tax exemption to employees of foreign governments if the employees reside in Germany permanently. Moreover, the certification issued to the Embassy of Germany, *see supra* note 8, confirms the lack of reciprocity. Petitioner cites no other provision of the German law that would permit exemption of wages of U.S. Government employees from German income tax if the employees reside permanently in Germany.

Petitioner does not dispute that she is a U.S. permanent resident. She moved to the United States in the 1970s and during the years at issue resided in the United States. Under German tax law, a U.S. Government employee in her situation, i.e., a person employed by the U.S. Government in Germany who permanently resides in Germany, would not be able to treat her wages from the U.S. Government as exempt from German tax. We conclude that the reciprocity condition of section 893 is not met with respect to petitioner, and therefore her wages from the German Defense Administration are not tax exempt under section 893.

---

[9] The translation of the phrase rendered *supra* as "to persons permanently resident in their national territory" in the stipulated version of EStG appears inaccurate and ambiguous. This phrase should properly read as "to persons residing permanently in Germany". We conclude so on the basis of an unofficial translation of sec. 3, para. 29(a) of EStG by the Translating Division, Office of Language Services of the U.S. Department of State (Translating Division) which is also in the record and to which petitioner did not object. The translation by the Translating Division is attached to the Action Memo for Deputy Assistant Secretary Nebel-DS/OFM dated June 25, 2007, which was prepared during the certification process for the German Embassy (also in the record). The second sentence of para. 29(a) in the translation by the Translating Division reads as follows: "This does not apply to German nationals or to persons residing permanently in Germany".

Petitioner also contends that her wages are exempt from Federal income tax under NATO SOFA.[10] Petitioner asserts that she was a member of the civilian component of the German military stationed in the United States and that under article X, paragraph 1 of NATO SOFA her wages were tax exempt. We disagree.

Generally, the Code applies to a taxpayer with due regard to any applicable treaty obligation of the United States. Sec. 894(a)(1). The United States and Germany are parties to NATO SOFA, and we therefore consider whether petitioner is entitled to any tax benefits under NATO SOFA.

Article X, paragraph 1 of NATO SOFA provides in relevant part:

Where the legal incidence of any form of taxation in the receiving State depends upon residence or domicile, periods during which a member of a force or civilian component is in the territory of that State by reason solely of his being a member of such force or civilian component shall not be considered as periods of residence therein, or as creating a change of residence or domicile, for the purposes of such taxation. Members of a force or civilian component shall be exempt from taxation in the receiving State on the salary and emoluments paid to them as such members by the sending State or on any tangible movable property the presence of which in the receiving State is due solely to their temporary presence there.

NATO SOFA defines civilian component as "the civilian personnel accompanying a force of a Contracting Party who are in the employ of an armed service of that Contracting Party, and who are not stateless persons, nor nationals of any State which is not a Party to the North Atlantic Treaty, nor nationals of, nor ordinarily resident in, the State in which the force is located". NATO SOFA, art. I, sec. 1(b). The German force is located in the United States, and petitioner, a green card holder, was "ordinarily resident" in the state in which the German force is located, namely, the United States,

---

[10] The parties agree that the following treaties do not permit petitioner to exclude her wages from income: Protocol Amending the Convention for the Avoidance of Double Taxation and the Prevention of Fiscal Evasion With Respect to Taxes on Income and Capital and to Certain Other Taxes, U.S.-Ger., June 1, 2006, Tax Treaties (CCH) para. 3209; Convention for the Avoidance of Double Taxation and the Prevention of Fiscal Evasion With Respect to Taxes on Income and Capital and to Certain Other Taxes, U.S.-Ger., Aug. 29, 1989, Tax Treaties (CCH) para. 3203.01; Vienna Convention on Consular Relations and Optional Protocol on Disputes, Apr. 24, 1963, 21 U.S.T. 77; Vienna Convention on Diplomatic Relations and Optional Protocol on Disputes, Apr. 18, 1961, 23 U.S.T. 3227; Treaty of Friendship, Commerce and Navigation, U.S.-Ger., Oct. 29, 1954, 7 U.S.T. 1839; Agreement Concerning Friendship, Commerce and Consular Rights, U.S.-Ger., June 3, 1953, 5 U.S.T. 1939; Treaty of Friendship, Commerce and Consular Rights, U.S.-Ger., Dec. 8, 1923, 44 Stat. 2132.

during the years at issue. Accordingly, she is not a part of the civilian component within the meaning of NATO SOFA, and article X section 1 of NATO SOFA does not apply to her.

Petitioner also contends that she is entitled to relief because in cases that involved other employees of the German Defense Administration, the IRS has conceded that their wages were not taxable. Petitioner introduced into evidence various correspondence which IRS agents allegedly relied on in concluding that other taxpayers' wages were not taxable. Petitioner also introduced into evidence stipulated decisions in two dockets in which her coworkers settled with the IRS favorably in this Court. It is not clear, however, whether the taxpayers in those cases were also permanent residents of the United States.

Generally, tax laws must be applied as uniformly as possible. *See Sunday Lake Iron Co. v. Wakefield Tp.*, 247 U.S. 350 (1918). However, the Commissioner is not required to offer a settlement to one taxpayer consistent with that offered to other similarly situated taxpayers, absent proof that the taxpayer has been singled out for adverse treatment on the basis of impermissible considerations, such as race or religion, and absent contractual agreements to the contrary. *Estate of Campion v. Commissioner*, 110 T.C. 165, 170 (1998), *aff'd without published opinion sub nom. Tucek v. Commissioner*, 198 F.3d 259 (10th Cir. 1999), *and Drake Oil Tech. Partners v. Commissioner*, 211 F.3d 1277 (10th Cir. 2000). In addition, we apply the law to the facts of the case before us to determine the tax liability of the taxpayer in the current case. *Davis v. Commissioner*, 65 T.C. 1014, 1022 (1976). "[H]ow the Commissioner may have treated other taxpayers has generally been considered irrelevant in making that determination." *Id.* We therefore reject petitioner's argument that the IRS' concessions in other cases or audits require us to hold for petitioner.

Lastly, petitioner contends that the IRS audited several of her prior-year Federal income tax returns and that in all prior audits the IRS agreed with her position that her wages are tax exempt. Generally, the Commissioner is not estopped from adopting a different position for later years. *See Rose v. Commissioner*, 55 T.C. 28, 32 (1970). Accordingly, we conclude that respondent's position in prior audits does not bar

him from later taking a different position regarding the taxability of petitioner's wages in later years.

We have considered the remaining arguments made by the parties, and to the extent not discussed above, we conclude those arguments are irrelevant, moot, or without merit.

To reflect the foregoing,

*Decision will be entered under Rule 155.*