381 A.2d 1253

**FISHER CONTROLS COMPANY, INC.,** Appellant,

v.

**COMMONWEALTH of Pennsylvania.**

Supreme Court of Pennsylvania.

Argued Oct. 17, 1977.

Decided Dec. 23, 1977.

120

Rhoads, Sinon & Reader, Frank A. Sinon, Sherill T. Moyer, Harrisburg, for appellant.

R. Scott Shearer, Vincent J. Dopko, Deputy Attys. Gen., Joseph F. Lynch, Harrisburg, for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, POMEROY, NIX, MANDERINO and PACKEL, JJ.

## OPINION OF THE COURT

ROBERTS, Justice.

This case presents the question whether an increased Corporate Net Income Tax rate (12%), enacted on December 31, 1969, but effective retroactively to any income earned during a calendar or fiscal year which began on or after January 1, 1969, subjects a corporate taxpayer which ceased doing business on August 12, 1969, but was not dissolved in 1969, to nonuniform taxation solely because some other corporate taxpayers which ceased doing business in 1969 were assessed at a previously effective lower rate. On this record, we hold the application of the increased rate is constitutional.

I

Appellant Fisher Controls Co., Inc. [Fisher Controls] is the successor of Fisher Governor Co. [Fisher Governor], which ceased doing business and whose assets and liabilities appellant acquired on August 12, 1969. On March 30, 1970, Fisher Governor filed its final Corporate Net Income Tax report. The Department of Revenue settled the final tax report of Fisher Governor on October 20, 1970. In calculating the tax, the Department applied a tax rate of 12% to net income earned between January 1, 1969 and August 12, 1969, in

accordance with the 1969 amendments to the Corporate Net Income Tax Act of 1935, Act of December 31, 1969, P.L. 407, § 2, formerly codified at 72 P.S. § 3420c [the 1969 amendments],[1] now repealed by the Corporate Net Income Tax provisions of the Tax Reform Code of 1971, Act of March 4, 1971, P.L. 74, §§ 401 et seq., as amended, 72 P.S. §§ 7401 et seq. (Supp.1977). The 1969 amendments expressly made the 12% tax rate retroactive to January 1, 1969, for those corporations reporting income on a calendar year basis. For those corporations reporting on a fiscal year basis, the 12% rate in the 1969 amendments applied to any fiscal year beginning in 1969. Fisher Governor reported income on a calendar year basis.

Under the previous provisions of the Corporate Net Income Tax Act of 1935, Act of September 29, 1967, P.L. 301, § 1, formerly codified at 72 P.S. § 3420c [the 1967 amendments], and now repealed, all business corporations would have been taxed at a rate of 7½% in 1969.[2] Appellant

1. "Every corporation shall be subject to, and shall pay for the privilege of doing business in this Commonwealth, . . . a State excise tax at the rate of . . . twelve per centum per annum upon each dollar of net income of such corporation received by and accruing to such corporation during the calendar years one thousand nine hundred sixty-nine and each year thereafter, except where a corporation reports to the Federal Government on the basis of a fiscal year and has certified such fact to the [Commonwealth], in which case such tax at the rate of twelve per centum shall be levied, collected and paid upon all net income received by and accruing to such corporation during each fiscal year commencing during the calendar year one thousand and [sic] nine hundred sixty-nine and each year thereafter. . . ."
A 7% tax is imposed upon income earned during calendar or fiscal years beginning in 1968, in nearly identical language. See also note 2 infra.

2. "Every corporation shall be subject to, and shall pay for the privilege of doing business in this Commonwealth, . . . a State excise tax at the rate of . . . seven and one-half per centum per annum upon each dollar of net income of such corporation received by and accruing to such corporation during the calendar years one thousand nine hundred sixty-nine and each year thereafter, except where a corporation reports to the Federal Government on the basis of a fiscal year and has certified such fact to the [Commonwealth], in which case such tax at the rate of seven and one-half per centum shall be levied, collected and paid

asserts that this previously effective tax rate should have been applied to Fisher Governor's income for the period January 1 to August 12, 1969.

Appellant Fisher Controls and Fisher Governor timely appealed to the Board of Finance and Revenue which held that the 12% tax rate applied to the 1969 net income of Fisher Governor. Appellant and Fisher Governor sought review of this determination in the Commonwealth Court, which sustained the Board's ruling. Fisher Controls appeals[3] asserting:

(1) The 12% rate applies only to "fiscal" or "calendar" years and not to short reporting periods such as Fisher Governor's January 1 to August 12, 1969, final reporting period.

(2) Application of the 12% rate to Fisher Governor violates the "uniform taxation" provision of the Pennsylvania Constitution, Pa.Const. art. VIII, § 1,[4] and the equal protection clause of the United States Constitution.

We reject these contentions and affirm the order of the Commonwealth Court.

## II

■ Fisher Controls asserts that, because the 1969 amendments do not expressly refer to short accounting periods, the 12% rate of taxation does not apply to Fisher Governor's 1969 net income. We do not agree.

The 1969 amendments do not expressly refer to short accounting periods, but to "calendar" and "fiscal" years

upon all net income received by and accruing to such corporation during each fiscal year commencing during the calendar year one thousand nine hundred sixty-nine and each year thereafter. . ."

A 7% tax is imposed upon income earned during calendar or fiscal years beginning in 1968.

3. We hear this case pursuant to the Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P.L. 673, art. II, § 203, 17 P.S. § 211.203 (Supp.1977).

4. "All taxes shall be uniform, upon the same class of subjects, within the territorial limits of the authority levying the tax, and shall be levied and collected under general laws."

only. From this absence of express coverage, Fisher Controls asks us to draw the conclusion that the Legislature did not intend the 1969 amendments to affect a business failing to complete a full accounting period.

The difficulty with appellant's argument is that the alternative tax rate which Fisher Controls seeks to have applied to Fisher Governor—7½%, as prescribed by the 1967 amendments—would also be inapplicable, allowing Fisher Governor to escape taxation for 1969 altogether. The 1967 amendments also omit any reference to short accounting periods. Instead, like the 1969 amendments, they refer only to calendar and fiscal years.[5] Appellant's argument necessarily leads to the absurd conclusion that the Legislature intended to exempt from taxation any corporation failing to complete a full accounting period. The argument therefore must be rejected. See 1 Pa.C.S.A. § 1922(1) (Supp.1977).

■ Taxation is, after all, a practical matter and the Corporate Net Income Tax Act must be given a reasonable construction in the "[business] context of the [specific] problem involved." *Commonwealth v. Scott Paper Co.,* 425 Pa. 444, 448, 228 A.2d 904, 906 (1967); see *Commonwealth v. Koppers Co.,* 397 Pa. 523, 529, 156 A.2d 328, 332, app. dismissed, 364 U.S. 286, 81 S.Ct. 43, 5 L.Ed.2d 38 (1960). We must therefore read the statutory reference to "calendar" and "fiscal" years so that it reaches a reasonable result in light of business accounting and operating practices. The 1969 amendments specify the time at which the 12% tax rate was to become effective, depending on whether a corporation used a calendar or fiscal year method of accounting. In 1969, Fisher Governor operated on a calendar year basis—that is, it began calculating the year's income and expenses on January 1, as it had done in previous years. On August 12, 1969, Fisher Governor ceased doing business, and there-

5. The version of the Corporate Net Income Tax previous to the 1967 amendments, Act of February 21, 1961, P.L. 27, § 1, 72 P.S. § 3420c, now repealed, and the current Corporate Net Income Tax contained in the Tax Reform Code of 1971, 72 P.S. § 7402, similarly omit mention of accounting periods other than "calendar" or "fiscal" years.

fore its 1969 tax period was not a full calendar year. But this occurrence does not change the fact that, while in business, Fisher Governor was accounting on a calendar year basis. Accordingly, for these tax purposes, Fisher Governor was a calendar year taxpayer in 1969. We therefore reject appellant's first contention.

## III

Appellant Fisher Controls next asserts that, because the Commonwealth allowed a number of corporations which ceased doing business in 1969 to pay tax at the 7½% rate, application of the 12% rate to Fisher Governor violates the uniform tax provision of the Pennsylvania Constitution and the equal protection clause of the United States Constitution. The analysis of appellant's complaint concerning this tax scheme is the same under the provisions of both Constitutions. See, e. g., *Commonwealth v. Koppers Co.*, 397 Pa. 523, 156 A.2d 328, app. dismissed, 364 U.S. 286, 81 S.Ct. 43, 5 L.Ed.2d 38 (1960); *Columbia Gas Corp. v. Commonwealth*, 468 Pa. 145, 153–54, 360 A.2d 592, 597 (1976).

A taxpayer complaining that administration of a tax violates its right to be taxed uniformly with others in its class must demonstrate "deliberate, purposeful discrimination in the application of the tax . . . before constitutional safeguards are violated." 397 Pa. at 532, 156 A.2d at 334. Accord, *Stillman v. Tax Review Board*, 402 Pa. 492, 166 A.2d 661 (1961); see *Hammermill Paper Co. v. Erie*, 372 Pa. 85, 92 A.2d 422 (1952). Compare *Sunday Lake Iron Co. v. Wakefield Township*, 247 U.S. 350, 38 S.Ct. 495, 62 L.Ed. 1154 (1918) (although appellant's assessment was probably higher than the assessments of others taxed under the same statute, no violation of equal protection occurred absent evidence of "systematic undervaluation . . . of other taxable property" or "any purpose or design [of the taxing authority] to discriminate"), with *Cumberland Coal Co. v. Board of Revision*, 284 U.S. 23, 28–29, 52 S.Ct. 48–50, 76 L.Ed. 146 (1931) (relief accorded taxpayer whose property had been taxed at full value despite systematic undervalua-

tion of other taxpayers' property). Appellant has the burden of proof of showing the discriminatory pattern which might entitle him to relief: "the validity of * * * actions [of taxing authorities] is presumed; when assailed, the burden of proof is upon the complaining party." *Sunday Lake Iron Co.*, 247 U.S. at 353, 38 S.Ct. at 495; accord, *Charleston Federal Savings & Loan Ass'n. v. Alderson*, 324 U.S. 182, 191, 65 S.Ct. 624, 630, 89 L.Ed. 857 (1945) (citing cases); see *Commonwealth v. Koppers Co.*, supra; *Stillman v. Tax Review Board*, supra. In *Amidon v. Kane*, 444 Pa. 38, 51, 279 A.2d 53, 60 (1971), we said "the challengers of the constitutionality of state or local taxation bear a heavy burden . . . ." Accord, *Commonwealth v. Life Assurance Co.*, 419 Pa. 370, 376–77, 214 A.2d 209, 214 (1965). This statement, made in a case concerning the validity of a statute, is no less true when the taxpayer challenges the administration of a tax law.

■ Appellant Fisher Controls has not met the heavy burden of demonstrating systematic enforcement of the 1969 amendments to some corporations situated similarly to Fisher Governor in a manner which allowed those other corporations to pay tax at a rate lower than that imposed upon Fisher Governor. The only item in the stipulated record indicating that Fisher Governor might have been treated unequally is the bare notation that 758 corporations which ceased doing business during 1969 were taxed at a lower rate applicable under the 1967 amendments. This alone does not prove systematic unequal enforcement.

First, some or all of these corporations may have been properly taxed. For example, if these corporations reported income on a fiscal year basis, their final fiscal years began in 1968, they were properly taxed at a 7% rate. 72 P.S. § 3420c (1967–69 versions) (provisions in notes 1 & 2 supra).[6] Appel-

6. Appellant does not argue that the statutory establishment of January 1, 1969, as the effective date for the 12% tax, enacted December 31, 1969, is unconstitutional. See *Commonwealth v. Budd Co.*, 379 Pa. 159, 108 A.2d 563 (1954) (alternative holding) (plurality opinion) (tax may be applied retroactively as far back as the year immediately preceding the year of the general legislative session at which it was

lant has not shown that any of the 758 corporations were incorrectly taxed at this rate or the 7½% rate. It therefore has not met its burden of proving "deliberate, purposeful discrimination in the application of the tax." *Koppers Co.,* supra.

Second, even assuming that some of the 758 corporations were incorrectly taxed at a rate below 12%, appellant has not met its burden of showing that such occurrences were part of a systematic, deliberate method of enforcement of the tax laws, and not mere errors or oversights. See, e. g., *Commonwealth v. Koppers Co.,* supra; *Cumberland Coal Co. v. Board of Revision,* supra. Appellant put no evidence in the record concerning the frequency of these hypothetical occurrences, the percentage of corporations in Fisher Governor's situation which were improperly taxed, the income earned by the improperly taxed corporations as a percentage of total income of those corporations in Fisher Governor's situation, or any other fact bearing on whether the Commonwealth systematically applied a rate below 12% to corporations in Fisher Governor's situation.

■ Appellant attempts to remedy this failure to produce evidence by asserting in its brief that it knows of one case in which the Commonwealth failed to apply the 1969 amendments retroactively to a corporation which, like Fisher Governor, had ceased doing business in 1969, but had not dissolved by December 31, 1969, the date of enactment of the 1969 amendments. Even if true this incident alone would not prove discrimination against Fisher Governor. Commission of one error by the Commonwealth in failing to collect a tax cannot excuse others from paying the same tax otherwise properly imposed. *Stillman v. Tax Review Board,* 402 Pa. 492, 166 A.2d 661 (1961).

enacted); *Shirks Motor Express Co. v. Messner,* 375 Pa. 450, 461–62, 100 A.2d 913, 918 (1953) (retroactive tax statute valid); *Welch v. Henry,* 305 U.S. 134, 144–45, 59 S.Ct. 121, 124–25, 83 L.Ed. 87 (1938) (rejecting federal equal protection and due process challenges to retroactive tax).

Appellant has not shown that the Commonwealth discriminated against Fisher Governor by applying a rate lower than 12% to certain corporations which ceased doing business in 1969. Appellant has also failed to establish any other theory on which to rest its claim of discrimination. Appellant has thus failed to demonstrate that the 1969 amendments as applied to Fisher Governor violate the uniform tax provision of the Pennsylvania Constitution or the equal protection clause of the United States Constitution.

The order of the Commonwealth Court is affirmed.

MANDERINO, J., filed a dissenting opinion.

MANDERINO, Justice, dissenting.

I dissent. The appellant taxpayer had sold all of its assets and had ceased doing business several months before the adoption of the new law raising the tax rate. The new law can not properly tax what for practical purposes was a nonexistent taxpayer. Other corporate taxpayers which went out of business in 1969 and were thus also nonexistent on the day of the adoption of the new tax were required to pay only the lower rate solely because they filed a return earlier than the appellant. The filing date difference does not justify a different tax treatment. The new law increasing the tax rate was inapplicable to the appellant.