386 A.2d 491

**COMMONWEALTH of Pennsylvania**

v.

**WESTINGHOUSE ELECTRIC CORPORATION, Appellant.**

Supreme Court of Pennsylvania.

Argued March 7, 1978.

Decided April 27, 1978.

Reargument Denied May 31, 1978.

Howell C. Mette, Shearer, Mette & Woodside, Harrisburg, for appellant.

Vincent Dopko Harrisburg, Deputy Atty. Gen., Philip C. Herr, Philadelphia, Scott Schearer, Harrisburg, for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, POMEROY, NIX, MANDERINO and LARSEN, JJ.

## OPINION

LARSEN, Justice.

When appellant, a Pennsylvania corporation, filed its consolidated Federal corporate income tax return for calendar year 1969, it elected to claim the taxes which it paid to foreign governments as a credit against its Federal tax liability rather than as a deduction from its gross income.[1]

---

1. This was pursuant to the Internal Revenue Code of 1954, 26 U.S.C.A. § 33.

Since the Pennsylvania Corporate Net Income Tax Act of May 16, 1935, P.L. 208, § 1 et seq. *as amended*, 72 P.S. 3420a et seq. (herein referred to as "the 'act' ")[2] provided that a corporation's taxable income (for the purposes of calculating state tax liability) consisted of those funds which the Federal government designated as taxable on the corporation's Federal tax return, appellant, because it did not claim a deduction for foreign taxes on its 1969 Federal return, did not deduct said foreign taxes from its 1969 state return.

On December 17, 1970, appellant and the State Auditor General reached a settlement on appellant's state tax liability for calendar year 1969.

On March 10, 1972, the director of the State Bureau of Corporation Taxes issued a document entitled Taxing Memorandum No. 83 which provided that a corporation, when filing its state tax return, could claim foreign taxes as a deduction from its gross income even though said corporation did not deduct the foreign taxes from its Federal return. Accordingly, on May 5, 1972, appellant filed a petition with the State Board of Finance and Revenue requesting a partial refund of the taxes that appellant paid to the Commonwealth for calendar year 1969. Appellant claimed that it was entitled to this refund since, in determining its state tax liability for calendar year 1969, appellant did not deduct foreign taxes from its gross income as it was permitted to do under Taxing Memorandum No. 83.

The Board of Finance and Revenue denied appellant's petition for a partial refund of its 1969 state taxes. Appellant appealed the Board's decision to the Commonwealth Court, which affirmed the Board's denial of appellant's refund petition. Subsequently, appellant filed this appeal of the Commonwealth Court's decision in this Court.

On April 2, 1973, the director of the Bureau of Corporation Taxes rescinded Taxing Memorandum No. 83.

2. Repealed by the Act of March 4, 1971, P.L. 86, No. 2, art. IV, § 411, 72 P.S. § 7411.

■ Appellant's first contention is that since Section 3420c of the Act provided that a corporation was required to pay a state excise tax only "upon each dollar of net income . . . *received* by . . . and accruing to" said corporation, appellant was entitled to deduct the foreign taxes because it never "received" the taxes which it paid to foreign governments. Appellant's argument is misplaced since it ignores the Act's definition of "net income"; the Act defines "net income" as the corporation's "taxable income . . . as ascertained by the Federal Government . . . " for Federal tax purposes. 72 P.S. § 3420(b)(2)(c).[3] Thus, in determining whether appellant's foreign taxes should be considered as part of "net income" (and hence subject to the state corporate net income tax), our sole inquiry is whether the amount of said foreign taxes was included as "taxable income" on appellant's Federal return. By not claiming a Federal tax deduction for the foreign taxes, appellant treated the amount of those taxes as included within the figure which comprised "taxable income" on its Federal return; accordingly, the amount of foreign taxes paid by the taxpayer must be treated as included within the amount to be shown as "net income" on appellant's state tax return.

Appellant's second contention is that the Commonwealth's refusal to partially refund the taxes which appellant paid for calendar year 1969 violated appellant's rights under the equal protection clause of the United States Constitution and the uniformity clause of the Pennsylvania Constitution. The basis for appellant's argument is that appellant, by not being permitted to deduct foreign taxes from its state tax return, was taxed at a higher rate than those corporations which were allowed to deduct foreign taxes from their state tax returns.

■ In the past, this Court has held that in matters of taxation, allegations of violations of the equal protection clause and the uniformity clause are analyzed in the same manner. *Fisher Controls Co. v. Commonwealth of Pennsyl-*

3. This Court approved this definition of "net income" in *Commonwealth v. Budd Co.*, 379 Pa. 159, 167, 108 A.2d 563, 566 (1954).

*vania,* 476 Pa. 119, ——, 381 A.2d 1253, 1256 (1977). Further, this Court has held that a state tax is not violative of the uniformity clause if the tax "applies to all corporations with which the Commonwealth has power constitutionally to deal . . . . Where the (state tax) base is the same and the rate unvarying, there is no lack of uniformity." *Commonwealth v. Warner Brothers Theatres, Inc.,* 345 Pa. 270, 274, 27 A.2d 62, 64 (1942). In the case at bar, it is obvious that the Act did not violate the uniformity clause because the Act's tax base, the corporation's "taxable income . . . (as) ascertained by the Federal Government" for Federal tax purposes, applied the "same . . . unvarying" rate to all corporations.

Further, the sole reason that appellant paid more taxes than those corporations which were permitted to deduct foreign taxes from their state tax returns was that unlike those other corporations, appellant chose to claim the foreign taxes as a credit against Federal tax liability rather than as Federal tax deduction from its gross income and, thus, appellant was not entitled to deduct the foreign taxes from its gross income on its state return. Appellant's election of claiming the foreign taxes as a credit rather than as a deduction on its Federal tax return was voluntary.

█ Appellant's third contention is that the equal protection and uniformity clauses were violated by the Commonwealth because appellant, unlike corporations who settled their state tax liabilities while Taxing Memorandum No. 83 was in effect, was not permitted to deduct said foreign taxes from its state return. "A taxpayer complaining that administration of a tax violates its rights to be taxed uniformly with others in its class must demonstrate *'deliberate, purposeful discrimination* in the application of the tax . . . before constitutional safeguards are violated. . . . ' (An) appellant has the burden of proof of showing the discriminatory pattern which might entitle him to relief: 'the validity of actions of taxing authorities is presumed; when assailed, the burden of proof is upon the complaining party'." *Fisher Controls, supra.* (Citations omitted) (Emphasis added).

In the case at bar, appellant does not challenge the Commonwealth's assertion that the policy enunciated in Taxing Memorandum No. 83 was applied uniformly during the period of time that the Memorandum was in effect. Further, appellant has offered no evidence that the director of the State Bureau of Corporation Taxes acted in bad faith or had any purpose which could be considered fraudulent. Viewed in the worst light, Taxing Memorandum No. 83 was no more than a mistake which was corrected by the director when he rescinded the Memorandum after it was in operation for thirteen months. Clearly, appellant has not met its burden of proving "deliberate, purposeful discrimination" by the Commonwealth in enforcing the Act.

■ Appellant's fourth contention is similar to its third in that appellant alleges that the Commonwealth violated the equal protection and uniformity clauses since, subsequent to the rescission of Taxing Memorandum No. 83, two major corporations of comparable size to appellant were granted a deduction on their state returns for foreign taxes that were claimed as a credit on their Federal returns. In positing this argument, appellant ignores the fact that the two corporations received their deductions as part of out-of-court settlements reached between the Commonwealth and the corporations. Under Section 3420h of the Act, the Commonwealth had the power to enter such tax settlements with corporations.

Even if the Commonwealth erred in allowing the two corporations to deduct the foreign taxes, these isolated instances of taxpayers receiving deductions through the mistakes of the Commonwealth's employees should not serve as a justification for this Court's extention of relief and further mistake to appellant. The fact remains that "no errors or misinformation of (the Commonwealth's) officers or agents can estop the government from collecting taxes legally due". *Commonwealth v. Western Maryland Railway*, 377 Pa. 312, 321, 105 A.2d 336, 341 (1954). Moreover, appellant failed to

meet its burden of proving that the Commonwealth deliberately and purposefully discriminated against appellant.

The order of the Commonwealth Court is affirmed.

ROBERTS and NIX, JJ., concurred in the result.

MANDERINO, J., filed a dissenting opinion.

MANDERINO, dissenting.

I dissent. The law of Pennsylvania as the majority correctly notes requires appellant, Westinghouse Electric Corporation, to pay a tax "upon each dollar of net income . . received by . . . and accruing to" the appellant. The foreign taxes paid by the appellant can not possibly be said to have been *received by or to have accrued* to appellant.

The majority states that the sole inquiry is whether the foreign taxes were treated as taxable income on appellant's Federal return. This is not the issue. It is true that the Pennsylvania statute defines "net income" as being the same as "taxable income" on the Federal return. The term "net income" in the Pennsylvania statute, is, however, modified by the words *received by and accruing to.* Thus, the Pennsylvania law says that all of the appellant's taxable income for Federal purposes *received by and accruing to* the appellant is taxable in Pennsylvania.

If we are realistic, and successfully escape the semantics game, the amount of foreign taxes paid by the appellant were not *received by and did not accrue to* appellant.

The appellant, as the majority notes, could have properly deducted the foreign taxes on its Federal return. Federal law, however, allowed the appellant to take these foreign taxes, if it chose, as a tax credit rather than a deduction. this does not change the fact that the money paid for foreign taxes was an expense of doing business that was paid out in the same manner as foreign labor costs or foreign material costs.

The Pennsylvania law does not say that one is to be penalized simply because a choice was made *under Federal*

*law* for *Federal tax purposes* to treat foreign tax payments as a tax credit rather than a deduction.

The appellant should be entitled to deduct the foreign tax payments in arriving at its net income upon which *Pennsylvania taxes* are due.

I emphatically dissent.