Esther E. Wiker, Appellant *v.* Henry J. Roux, Gerald T. Horn, Jere W. Schuler, David M. Huber and Township of West Lampeter, Appellees.

Argued February 4, 1980, before Judges Rogers, Blatt and Williams, Jr., sitting as a panel of three.

514

*Carl A. Wiker,* of *Zimmerman, Going & Wiker,* for appellant.

*George D. Alspach,* of *Alspach and Ryder,* for appellees.

Opinion by Judge Rogers, February 29, 1980:

The appellant, Esther E. Wiker, sued the Township of West Lampeter and its supervisors in equity seeking an injunction which would restrain the defendants from collecting from her a street light assessment and judgment for assessments paid by her in years past. The defendants filed a counterclaim for $93.00 for two years' light assessment due from the plaintiff and unpaid. The parties filed cross motions for judgment on the pleadings. The court below denied the plaintiff's motion, granted the defendants' motion and entered judgment against the appellant in the amount of $93.00.

Mrs. Wiker owns a house and lot in the village of Willow Street. In 1935, a group of property owners,

among whom was the then owner of Mrs. Wiker's lot, filed a petition with the township supervisors requesting them to provide street lights in the village of Willow Street as shown on a plan provided with the petition. The petition was filed pursuant to Section 702 of The Second Class Township Code, Act of May 1, 1933, P.L. 103, *as amended,* 53 P.S. §65702, which now provides pertinently as follows:

[Township supervisors] shall have power—

To light and illuminate the highways, roads, and other public places of the township with electric light, gas, or other illuminating medium, and to provide for defraying the cost, charges and expenses thereof; and, for such purposes, to enter into contracts or agreements with any person, copartnership, association, or corporation, for a period not exceeding ten years, for the purpose of securing and maintaining a supply of light.

On the petition of the owners of a majority of the lineal feet frontage along any road, highway, or portion thereof within the township, to enter into contract with electric, gas, or other lighting companies to light and illuminate said roads and highways and other public places with electric light, gas light, or other illuminant.

The township supervisors shall annually assess or cause to be assessed the cost and expense of the maintenance of said lights by an equal assessment on all property within two hundred and fifty (250) feet of such lighting in proportion to the number of feet the same fronts on the street or highway or portion thereof to be lighted. The supervisors may provide for an equitable reduction from the frontage of lots at intersections or where, from the

peculiar or pointed shape of lots, an assessment of the full frontage would be inequitable.

The supervisors granted the prayer of the petition and thereafter have made assessments upon properties for the cost and expense of securing and maintaining street lights. The assessments were first in accordance with the assessed value of the lots affected and later on the basis of their front footage, as Section 702 was amended to provide.[1] As noted, the court below entered judgment on the pleadings in favor of the township.

Mrs. Wiker first argues that the power given the supervisors to light streets, and for such purposes to enter into contracts with suppliers "for a period not exceeding ten years", somehow imposes a limitation of ten years upon the power of the supervisors to assess properties for the cost and expense of maintaining the lights. The position of the quoted phrase of limitation in, and the wording of, the statute together compel the conclusion that the Legislature intended only to provide that no contract for lighting shall have a term of more than ten years. The statute imposes no limitation on the number of successive ten year contracts which may be entered into; nor does it remotely suggest that there is a ten year or any other limitation on the time during which properties should be assessed for the continuing expense of the maintenance of lights.[2]

---

[1] The Code first provided that the light assessment should be made in accordance with assessed valuation. This method of assessment by valuation was held to be unconstitutional in *Manheim Township Supervisors v. Workman*, 350 Pa. 168, 38 A.2d 273 (1944). The General Assembly then amended the Code to provide that light assessments should be made by the front foot.

[2] We learn that the current contracts for lighting entered into by West Lampeter Township are for a period not exceeding ten years.

Mrs. Wiker's second argument is directed to the fact that the township has excused from assessment properties located at some intersections on the ground that the lights at these locations are "traffic safety lights." Mrs. Wiker says that it is beyond the powers of the supervisors wholly to excuse any property on the roads in Willow Street from assessment and that she is being denied equal protection and due process of the law by being required to pay when others are excused. The only record we have are the pleadings. Mrs. Wiker's amended complaint avers only that the supervisors have not "made an equal application of the law" and "have not made a consistent application" of assessments. She refers to a letter from the supervisors attached to her complaint informing her that street lights at three intersections had been designated as traffic safety lights and that the owners of properties at these intersections had been excused from assessment. "A taxpayer complaining that administration of a tax violates its right to be taxed uniformly with others in its class must demonstrate 'deliberate, purposeful discrimination in the application of the tax ... before constitutional safeguards are violated.' " *Fisher Controls Co., Inc. v. Commonwealth*, 476 Pa. 119, 125, 381 A.2d 1253, 1256 (1977). The averments of Mrs. Wiker's amended complaint fall far short of showing a deliberate, purposeful discrimination in the administration of light assessments.

Judgment affirmed.

### Order

And Now, this 29th day of February, 1980, the judgment entered in the Court of Common Pleas of Lancaster County is affirmed.

President Judge Bowman did not participate in the decision in this case.