532 A.2d 931

Wyoming Valley Montessori Association, Inc., Appellant *v.* Board of Assessment Appeals of Luzerne County, Appellee.

Argued September 14, 1987, before Judges Mac-
Phail and Palladino, and Senior Judge Narick, sitting
as a panel of three.

*Ann H. Lokuta,* for appellant.

*David R. Lipka,* for appellee.

OPINION BY JUDGE MACPHAIL, October 27, 1987:

Wyoming Valley Montessori Association, Inc. (Appellant) has appealed from an order of the Court of Common Pleas of Luzerne County denying Appellant's request for tax-exempt status for property it owns in Kingston, Pennsylvania. We affirm.

Appellant, a non-profit corporation, operates a Montessori School which currently provides an educational program to 77 students ranging in age from preschool through fifth grade. The school, which has been in operation for sixteen years, purchased the property here at issue in 1984. Appellant presently employs six full-time and three part-time faculty members.

Appellant claims entitlement to tax-exempt status under Section 204(a)(3) of The General County Assessment Law (Law)[1] which provides, in pertinent part, as follows:

---

[1] Act of May 22, 1933, P.L. 853, *as amended,* 72 P.S. §5020-204(a)(3). Both the court of common pleas and Appellant have cited Section 202 of The Fourth to Eighth Class County Assessment Law, Act of May 21, 1943, P.L. 571, *as amended,* 72 P.S. §5453.202, in analyzing the matter *sub judice.* Since Luzerne County is a third class county, however, we believe that The General County Assessment Law is, in fact, applicable.

The following property shall be exempt from all county, city, borough, town, township, road, poor and school tax, to wit:

. . . .

(3) All hospitals, universities, colleges, seminaries, academies, associations and institutions of learning, benevolence, or charity . . . founded, endowed, and maintained by public or private charity. . . .

We observe that, in addition to the statutory requirements imposed by the Law, the legislative grant of tax-exempt status to charitable organizations is constitutionally limited to those organizations which qualify as "purely public charities." Pa. Const. art. VIII, §2(a)(v); *see Hospital Utilization Project v. Commonwealth,* 507 Pa. 1, 487 A.2d 1306 (1985).

The common pleas court concluded, based on evidence adduced at a hearing, that Appellant does not qualify as a purely public charity. The court relied heavily on a decision of the Court of Common Pleas of Centre County which denied tax-exempt status to a similar Montessori School located in State College. *See In Re: Tax Appeal of State College Children's House, Inc.,* 30 Pa. D. & C. 3d 570 (1984). The court also determined that Appellant had failed to present adequate evidence to support its assertion that the Board of Assessment Appeals of Luzerne County (Board) has acted in an arbitrary fashion in considering requests for tax-exempt status. Our scope of review in the instant matter is limited to a determination of whether the common pleas court decision evidences an abuse of discretion or lacks supporting evidence. *Appeal of Lutheran Home at Topton,* 100 Pa. Commonwealth Ct. 244, 515 A.2d 59 (1986), *allocatur denied,* 515 Pa. 589, 527 A.2d 548 (1987).

In *Hospital Utilization Project,* our Supreme Court set forth five factors to be applied in determining

whether an institution qualifies as a "purely public charity." The Supreme Court standard inquires as to whether the organization:

    (a)   Advances a charitable purpose;

    (b)   Donates or renders gratuitously a substantial portion of its services;

    (c)   Benefits a substantial and indefinite class of persons who are legitimate subjects of charity;

    (d)   Relieves the government of some of its burden; and

    (e)   Operates entirely free from private profit motive.

*Id.* at 22, 487 A.2d at 1317. These factors were not intended by the Supreme Court to represent any deviation from prior case law, but were rather viewed as a synthesis of the considerations common to prior legal analysis in this area. *G.D.L. Plaza Corp. v. Council Rock School District,* 515 Pa. 54, 526 A.2d 1173 (1987). Thus, existing case law which specifically addresses the tax-exempt status of educational institutions may also prove instructive in analyzing the matter at bar.

    One factor which is often cited as critical in cases involving the charitable status of educational institutions is the amount of scholarship aid which the school provides. This consideration, of course, correlates to the second requirement set forth in *Hospital Utilization Project,* to wit, that the institution donate or render gratuitously a substantial portion of its services. In *Pittsburgh Institute of Aeronautics Tax Exemption Case,* 435 Pa. 618, 624, 258 A.2d 850, 853 (1969), the Supreme Court noted that, "[a] school in which the admission of students is almost totally limited to those who are able to pay their own way can hardly be considered a charitable institution: Woods Schools Tax Exemption Case, 406 Pa. 579, 584-85, 178 A.2d 600, 603

(1962)." Moreover, in *Ogontz School Tax Exemption Case*, 361 Pa. 284, 292, 65 A.2d 150, 153 (1949), the Court stated that:

> An institution whose free patrons number only about 10% of all its patrons cannot be classed as an institution of purely public charity. Furthermore, it is obvious that the scholarships are maintained out of the payments made by the vast majority of the students who pay the full fees charged them. Therefore, these paying students instead of being the beneficiaries of a public charity are really maintaining a private charity to the extent that their fees are used in part to pay for the free scholarships nominally 'given' by the School.

In the instant case, the record reveals that no students currently attend Appellant's facility free of charge and tuition scholarships are limited to the children of faculty members. At the time of the hearing in this matter, a total of 5 children were receiving partial scholarship. The amount of each individual scholarship granted by Appellant has varied from year to year depending "on what is actually left over." Notes of Testimony at 11. The scholarships have varied from a high of 100% to less than 10% of total tuition costs. Based on these facts, we must conclude that Appellant clearly does not donate or render gratuitously a substantial portion of its educational services. The scholarships which are granted total less than 10% of Appellant's enrollment and are further limited to faculty members' children and by the amount of Appellant's annual surplus revenues. Thus, it does not appear that Appellant "makes a bona fide effort to service primarily those who cannot afford the usual fee." *Hospital Utilization Project*, 507 Pa. at 19 n. 9, 487 A.2d at 1315 n. 9.

We also note that present annual tuition income received by Appellant is $93,000, or approximately $1,200 per student. As noted previously, aside from the limited scholarships granted, Appellant offers no free educational classes to the general public. In view of the tuition charges required to attend the school, we do not think Appellant can be regarded, under the third factor set forth in *Hospital Utilization Project,* as benefiting a class of persons who are legitimate subjects of charity. We seriously doubt that the parents of the children who attend Appellant's school would regard their children as objects of charity. *See Pittsburgh Institute of Aeronautics; Ogontz.*

We emphasize that our analysis thus far is not intended to question the laudable intentions of those involved with Appellant's educational goals. We are cognizant that the officers of the corporation are not reimbursed for their services and that the income and any donations received by Appellant are not used for private gain, but rather, support Appellant's educational program and facilities. Nevertheless, we ·must construe a statute granting charitable exemptions strictly against the taxpayer and be ever mindful that "when the tax burden is lifted from the shoulders of one, it must be redistributed among those who remain nonexempt." *Homewood-Brushton Citizens Renewal Council v. City of Pittsburgh,* 27 Pa. Commonwealth Ct. 630, 633, 367 A.2d 405, 407 (1976). Furthermore, "there is no exception to this rule of strict construction in the case of property owned by a purely nonprofit educational institution. . . ." *Pittsburgh Institute of Aeronautics,* 435 Pa. at 622-23, 258 A.2d at 852 (citation omitted).[2] We con-

---

[2] The facts that Appellant is a non-profit corporation and is exempt from federal income tax do not mandate that Appellant be declared tax-exempt under the Law. *See Hospital Utilization Project.*

clude, for the reasons enunciated above, that Appellant has failed to meet its heavy burden of establishing its entitlement to tax-exempt status as a "purely public charity."

We note in passing that although we have not specifically relied on the *State College Children's House* case in reaching our legal conclusions here, we find no error in the common pleas court's reliance on that decision. Appellant argues that *State College Children's House* so varies from the instant case in terms of its relevant facts as to be of no precedential value in the matter at bar. Suffice it to say that our review of the Centre County case reveals no factual distinctions of the magnitude asserted by Appellant. In any event, our independent analysis of this case fully supports the decision reached by the common pleas court.

The final issue raised by Appellant is whether the common pleas court erred in failing to address the merits of the uniformity challenge presented below. Appellant claims that the existence of two other tax-exempt educational facilities in Luzerne County, the Wyoming Seminary and the Freeland Mining & Mechanical Institution, raises the issue of whether the County's denial of tax-exempt status to Appellant is arbitrary and discriminatory. As noted by the common pleas court, however, Appellant failed to present any evidence regarding the similarities between the named educational institutions and Appellant which would support a claim of discrimination.

Appellant, however, has also requested a remand to the Board to permit further development of the issue regarding the basis for the grant of tax-exempt status to the Wyoming Seminary and the Freeland Mining & Mechanical Institution. Appellant apparently contends that the lack of knowledge evidenced by the Chairman of the Board in his testimony at the common pleas court

hearing regarding the specific basis for the exemptions would warrant a remand. The record reveals that the Board's Chairman did produce an official listing of the tax-exempt properties in the County at the time of the hearing, but was personally unfamiliar with the factors which were originally relied upon in granting the tax exemptions.

We think, however, that Appellant misperceives the burden of proof on this issue. It is *not* the Board's burden to demonstrate the non-discriminatory nature of exemptions granted to other properties. The constitutional validity of decisions made by the taxing authority is presumed. The heavy burden of challenging such actions lies with the complaining party. *Fisher Controls Co. v. Commonwealth,* 476 Pa. 119, 381 A.2d 1253 (1977). We believe that Appellant has simply failed to meet its burden of proof and is not entitled to a remand for another opportunity to satisfy that burden.

Moreover, a decision regarding the charitable nature of an institution is a mixed question of fact and law which depends on the unique factual matrix of each case. *In Re: Appeal of Doctor's Hospital,* 51 Pa. Commonwealth Ct. 31, 414 A.2d 134 (1980). We have determined here that the Board, as a matter of law, reached the correct decision regarding Appellant based on the facts presented. Thus, even if Appellant could prove that the Board incorrectly granted a tax exemption in *another* case, such evidence would not warrant the grant of tax-exempt status to Appellant in the instant matter. *See Stilman v. Tax Review Board,* 402 Pa. 492, 166 A.2d 661 (1961) (prior error in interpreting a valid tax statute is insufficient to establish a denial of constitutional rights). Thus, we believe that a remand would serve no useful purpose.

Order affirmed.

### ORDER

The order of the Court of Common Pleas of Luzerne County in the above-captioned matter is hereby affirmed.