NORTHEAST OXFORD
ENTERPRISES LP,
Appellant,

v.

The CITY OF PHILADELPHIA
TAX REVIEW BOARD.

Shurgard Self Storage Center,
Inc., Appellant,

v.

The City of Philadelphia
Tax Review Board.

Shurgard Self Storage Center,
Inc., Appellant,

v.

The City of Philadelphia
Tax Review Board.

Northeast Oxford Enterprises
LP, Appellant,

v.

The City of Philadelphia
Tax Review Board.

Northeast Oxford Enterprises
LP, Appellant,

v.

The City of Philadelphia
Tax Review Board.

Commonwealth Court of Pennsylvania.

Argued June 6, 2003.

Decided Sept. 26, 2003.

Reargument Denied Nov. 17, 2003.

Peter J. Picotte, Philadelphia, for appellants.

Margarete E. Pawlowski, Philadelphia, for appellee.

BEFORE: LEADBETTER, Judge, LEAVITT, Judge, and MIRARCHI, JR., Senior Judge.

OPINION BY Judge LEADBETTER.

Consolidated before this court are the appeals of Northeast Oxford Enterprises LP and Shurgard Self Storage Center, Inc. from an order of the Court of Common Pleas of Philadelphia County (common pleas) affirming their liability for the Philadelphia School District Realty Use and Occupancy Tax (U & O Tax). Appellants are owners of self-service storage facilities located in the City of Philadelphia, and this appeal raises the question whether the U & O Tax is applicable to such facilities. This is a difficult issue of first impression, and for the reasons set forth below, we affirm.

Historically appellants have paid the U & O tax to the Philadelphia School District. After the Philadelphia Tax Review

Board (Board), in 1999, issued a decision on this issue favorable to the owner of another self-storage facility which competes with appellants, appellants filed petitions for refunds of the tax for years spanning 1994–2000. Appellants alleged that their role was that of a landlord, rather than a business providing a service, and therefore they were excluded from paying the tax. They also argued that if they were denied relief, the resolution[1] (ultimately by settlement) of the prior appeal of Public Storage, appellants' competitor violated appellants' constitutional protections under the Uniformity Clause of the Pennsylvania Constitution and the Equal Protection Clause of the United States Constitution. By the time of this appeal, the Board had evidently changed its view[2] and rejected appellants' statutory construction argument. It also reviewed *Public Storage Management, Inc., et al.*, Tax Review Board Docket Number 36UREFZZ9952–9957, and found that the settlement agreement lacked bad faith or fraud, concluding that appellants' constitutional rights had not been violated.

Shurgard and Northeast Oxford appealed the Board's decision to common pleas which affirmed, and thereafter to this court. Resolution of appellants' primary argument requires an understanding not only of the U & O Tax ordinance, but also of the statutory framework within which it operates.

■ The Act of August 5, 1932, P.L. 45, *as amended,* known as the "Tax Anything Act," 53 P.S. §§ 15971–15973, is the enabling legislation which authorizes the local ordinance at issue. It provides, *inter alia:*

(a) From and after the effective date of this act, the council of any city of the first class shall have the authority by ordinance, for general revenue purposes, to levy, assess and collect, or provide for the levying, assessment and collection of, such taxes on persons, transactions, occupations, privileges, subjects and personal property, within the limits of such city of the first class, as it shall determine, except that such council shall not have authority to levy, assess and collect, or provide for the levying, assessment and collection of, any tax on a privilege, transaction, subject or occupation, or on personal property, which is now or may hereafter become subject to a State tax or license fee.... It is the intention of this section ... that any tax upon a subject which the Commonwealth may hereafter tax or license shall automatically terminate upon the effective date of the State act imposing the new tax or license fee.

Section 1(a) of the Tax Anything Act, 53 P.S. § 15971. Based upon this statutory authority, the City of Philadelphia has imposed "a tax for general school purposes on the use or occupancy of real estate within the School District of Philadelphia ... for the purpose of carrying on any business, trade, occupation, profession, vocation or any other commercial or industrial activity. This tax is imposed on the user or occupier of real estate." Phila. Code § 19–1806(2). Further, "Each land-

---

1. The Board had ruled in favor of Public Storage but prior to the issuance of the Board's opinion Public Storage and the City entered into a settlement agreement that reads in part: "The parties agree to withdraw their appeals of the TRB's decision of January 27, 1999. The parties further agree that any subsequent appellate court decisions or changes in law affecting the liability of the self-service storage industry for Use and Occupancy Taxes will be applied prospectively to the Petitioners (Public Storage)."

2. Because the Board never issued an opinion in the Public Storage matter, its original rationale is not clear to us.

lord or other person authorized to collect rentals on premises, the use or occupancy of which is subject to tax under this Section, shall collect as agent for the School District of Philadelphia, from each user or occupier the proper proportion of the user's or occupier's tax ..." Phila. Code § 19–1806(5)(b).

This ordinance is amplified by substantial regulations, which form the basis for most of appellants' arguments. These regulations define "use" and "occupancy" as "interchangeable words that mean actual and physical possession and use of real estate as opposed to constructive or legal possession. One who is 'occupying' real estate is physically present in or on the property, either personally or by his agent, or has placed therein personal property belonging to him." Tax Reg. § 102. A landlord is defined as "[a]ny owner of real estate or any person who grants the right to use or occupy real estate or any part thereof to any lessee ..." Tax Reg. § 101(b).

Also relevant is the Self–Service Storage Facility Act[3], 73 P.S. §§ 1901–1917, which regulates businesses like those of the appellants. Self-service storage facilities are individual storage units of varying sizes that owners lease to individuals or businesses. The customers can store furniture, vehicles, business records, and other goods in a facility upon payment of rent, and pursuant to a written lease agreement. The customers may lock and generally have sole access to the storage unit, but are prohibited from using the space as a residence, or to operate a business out of the unit. Moreover the owner, upon reasonable notice, may enter the leased space for the purposes of inspection, repair, alteration or improvement. Section 3 of the Self Service Storage Facility Act, 73 P.S. § 1903. If a customer defaults on pay-

ment, the owner can, after 30 days and proper notice, deny access to the customer, remove the customer's personal property, and enforce the lien by selling the property, without the intervention of the courts. Sections 5–13 of the Self Service Storage Facility Act, 73 P.S. §§ 1905–1913.

Finally, as the Board noted:

Article II, Part II, of the Tax Reform Code of 1971 is the statutory authority to impose Sales Tax. Pennsylvania, beginning in 1991, made self-service services subject to Sales Tax. The General Assembly amended the language of the statute to include "obtaining for consideration of [self-storage] services" to be included in "purchases at retail [,]" 72 P.S. § 7201(f)(5) and sale at retail to include as taxable the "rendition for consideration of self-storage service." 72 P.S. § 7901(k)(18). Self-storage service is defined as "[p]roviding a building, a room in a building or a secured area within a building with separate access provided for each purchaser of self-storage service, primarily for the purpose of storing personal property." 72 P.S. § 7201(kk).

*In re Northeast Oxford Enterprises, L.P.*, (Nos. 36 UORE 22 9877 and 9930, dated February 11, 2002), op. at 3, Conclusion of Law No. 4.

The appellants argue that under the plain language of the regulations they are landlords and their lessees are the "users and occupiers" of the rental space, and thus it is their lessees who are properly subject to the tax. In their words, "It is the tenant's use of leased space that is subject to tax under the City's Ordinance if the rental property is used for the purpose of carrying on a business.... The record below establishes that each Appellant owns tenant-occupied real property so

---

**3.** Act of December 20, 1982, P.L. 1404, §§ 1– 17.

that the incidence of tax must fall on the tenants and their use of such property, as it does under the Ordinance at issue, in the case of all other lessors of real property in the City of Philadelphia." (Brief at p. 21). We agree that the language of the City's regulations supports appellants' construction of the ordinance.

Where we part company from appellants is in their assertion that the City's ordinance should be interpreted in a vacuum, without reference to statewide laws that give it context. We believe, when viewed in light of the statutes cited above, appellants' argument must be rejected. First, it seems apparent that the General Assembly has treated the lease of self-storage space not as a conveyance of an interest in real estate but as the sale of a service. The transaction is subject to Pennsylvania sales tax under the heading "Purchase at retail," defined as, "[t]he obtaining for a consideration of those services described in subclauses (11) through (18) of clause (k) of this section." Section 201 of the Tax Reform Code of 1971,[4] *as amended,* 72 P.S. § 7201(f)(5). Subclause (k)(18) is "[t]he rendition for a consideration of self-storage service." Moreover, although treating them differently for tax purposes, the Tax Reform Code likens self-storage space to such things as safe deposit boxes, storage in refrigerator units, and lockers in airports, bus stations, etc. Section 201(kk) of the Tax Reform Act of 1971, *as amended,* 72 P.S. § 7201(kk).

The Self–Service Storage Facility Act defines a self-service storage facility as "real property designed and used for the purpose of renting or leasing individual storage space ... for the purpose of storing and removing personal property." Section 2 of the Self Service Storage Facility Act, 73 P.S. § 1902. While not in itself compelling, we find some significance in the fact that the facility itself is characterized as real estate, while the leased area is simply referred to as "space," rather than a parcel or unit of realty. More significantly, the customers' rights are so limited that they do not take on most of the usual indicia of an interest in real property. The customer may not physically occupy the space, but may only enter to deposit and remove personal goods. Although he may lock the space to secure his personal property, he has no genuine interest in the structure itself. The owner retains the unrestricted right to inspect, alter or improve the unit as he wishes (obtaining access upon reasonable notice). Upon default of payment, the customer has none of the procedural protections accorded under ordinary landlord-tenant law.

Finally, and perhaps most importantly, if the U & O Tax were imposed upon the lessees of self-storage space rather than the owners of the facilities as appellants argue, the tax would be invalid. As noted above, the enabling statute which authorizes the U & O Tax specifically provides that the City "shall not have authority to levy ... any tax on a ... transaction ... which is now or may hereafter become subject to a State tax. ...." Section 1(a) of the Tax Anything Act, *as amended,* 53 P.S. § 15971(a). Since the rental on the storage spaces is subject to the Pennsylvania sales tax, any U & O tax directed at appellant's customers would be invalid.

Accordingly, we agree with the Board, and common pleas, that the owners of self-service storage facilities, who are using their real estate for business purposes, are the proper subject of the Philadelphia U & O Tax.

■ The second issue on appeal is whether a tax settlement approved by the

---

4. Act of March 4, 1971, P.L. 6, §§ 101–1297, *as amended,* 72 P.S. §§ 7101–8297.

Tax Review Board releasing Public Storage, appellants' competitor, from liability for the U & O Tax while appellants continue to be taxed, violates appellants' constitutional rights. We think it does not.

■ To find a violation of the Uniformity and Equal Protection Clauses, appellants "must affirmatively demonstrate a deliberate and purposeful discrimination in the application of the tax." *Community Options, Inc. v. Board of Property Assessment,* 764 A.2d 645, 654 (Pa.Cmwlth.2000), *affirmed in relevant part and reversed on other grounds in part,* 571 Pa. 672, 813 A.2d 680 (2002). Appellants have not demonstrated such a deliberate and purposeful discrimination in the application of the tax on the part of the School District. Moreover, as was explained in *Commonwealth v. Westinghouse Electric Corp.,* 478 Pa. 164, 386 A.2d 491, *appeal dismissed,* 439 U.S. 805, 99 S.Ct. 61, 58 L.Ed.2d 97 (1978):

> In positing [its equal protection and uniformity] argument, appellant ignores the fact that the two corporations received their deductions as part of out-of-court settlements reached between the Commonwealth and the corporations. Under Section 3420h of the Act, the Commonwealth had the power to enter such tax settlements with corporations.

> Even if the Commonwealth erred in allowing the two corporations to deduct the foreign taxes, these isolated instances of taxpayers receiving deductions through the mistakes of the Commonwealth's employees should not serve as a justification for this Court's extension of relief and further mistake to appellant. The fact remains that "no errors or misinformation of (the Commonwealth's)

officers or agents can estop the government from collecting taxes legally due." [*Commonwealth v. Western Maryland Railway,* 377 Pa. 312, 321, 105 A.2d 336, 341 (1954)].

*Id.* at 170, 386 A.2d at 494. For the same reasons, an erroneous past settlement between the School District and Public Storage[5] does not require this court to misapply the law to Public Storage's competitors.

Accordingly, we affirm.

### ORDER

AND NOW, this 26th day of September, 2003, the orders of the Court of Common Pleas of Philadelphia in the above captioned matters are hereby AFFIRMED.

---

**5.** We note that the Public Storage settlement states that "any subsequent appellate court decisions or changes in law affecting the liability of the self-service storage industry for Use and Occupancy Taxes will be applied prospectively to the Petitioners (Public Storage)." Therefore, based on our decision today, the tax will be equally applied to appellants and their competitor in future years.