RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 13a0163p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

_____

JOSEPH T. SADIE (12-3143); PHYLLIS
TRAPPENBERG, JOSEPH JAMES, DAVID GOOD,
and ROBERT NOWAKOWSKI (12-3142),
          *Plaintiffs-Appellants*,

Nos. 12-3142/3143

*v.*

CITY OF CLEVELAND, MARTIN FLASK,
MICHAEL MCGRATH, and FRANK JACKSON,
          *Defendants-Appellees.*

Appeal from the United States District Court
for the Northern District of Ohio at Cleveland.
Nos. 1:11-cv-535; 1:10-cv-822—Dan A. Polster, District Judge.

Argued: December 6, 2012

Decided and Filed:  June 11, 2013

Before:  MARTIN and GRIFFIN, Circuit Judges; BECKWITH, District Judge.[*]

_____

## COUNSEL

**ARGUED:** Bruce B. Elfvin, ELFVIN & BESSER CO., LPA, Cleveland, Ohio, for
Appellants in 12-3143 and 12-3142.  William M. Menzalora, CITY OF CLEVELAND
DEPARTMENT OF LAW, Cleveland, Ohio, for Appellees.  **ON BRIEF:** Bruce B.
Elfvin, Barbara Kaye Besser, Stuart Torch, ELFVIN & BESSER CO., LPA, Cleveland,
Ohio, for Appellant in 12-3143.  Dennis J. Niermann, DENNIS J. NIERMANN CO.
LPA, Chesterland, Ohio, for Appellants in 12-3142.  William M. Menzalora, CITY OF
CLEVELAND DEPARTMENT OF LAW, Cleveland, Ohio, for Appellees.

---

[*]The Honorable Sandra S. Beckwith, Senior United States District Court Judge for the Southern
District of Ohio, sitting by designation.

―――――――――――

**OPINION**

―――――――――――

BOYCE F. MARTIN, JR., Circuit Judge.  Plaintiff retirees are former City of Cleveland police officers and they sued their former employer, the City of Cleveland, in federal district court.  They alleged that the City violated the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq., Ohio's age discrimination statute, Ohio Rev. Code § 4112 et seq., and the Equal Protection Clause of the Fourteenth Amendment when it forced them into retirement pursuant to Cleveland Codified Ordinance § 135.07(a) (2009), which mandates the retirement of all police officers who have reached the age of sixty-five.  The City moved for summary judgment, arguing that its application of the ordinance to the retirees (1) did not violate either the Act or the Ohio statute because the City acted pursuant to a permissible retirement plan as described in section 623(j) of the Act and (2) did not violate the Equal Protection Clause because they were rationally related to the Police Department's budget concerns.  The district court granted the motion, and the retirees appealed the district court's judgment.  For the following reasons, we AFFIRM.

I.

The City of Cleveland has had a mandatory retirement provision pertaining to Police and Fire Department personnel since 1960.  The version of the ordinance at issue in this case, Cleveland Codified Ordinance § 135.07(a), came into effect on June 5, 2009 and provides in pertinent part:

> It is hereby declared to be in the interest of efficiency of the Divisions of Police and Fire in the Department of Public Safety that members thereof whose status as such has been established pursuant to the Charter, be honorably retired. They shall be retired by the Director of Public Safety on and after March 1, 1975, if then sixty-five years of age or over, or at such later date as such members attain the age of sixty-five years. However, anyone subject to retirement under these provisions, upon written request of the Chief of Police or Fire, shall continue on active

duty on a year to year basis, subject to approval of the Director following an independent medical evaluation.

On December 16, 2009, the Chief of Police, Michael McGrath, issued a notice to the Police Department explaining that those subject to mandatory retirement could submit to him a form requesting an extension of service.

Members of the Police Department had been allowed to request extensions of service under prior versions of the ordinance, and before 2010, the Department had never refused a request provided that the person making the request passed an independent medical exam. However, the City faced a $60 million deficit in 2009 and it cut the Department's budget by 4.17% in 2010. As a result of the budget cuts, the Department laid off sixty-seven patrol officers and demoted twenty-eight police officers. In turn, Chief McGrath decided to deny all requests for extensions of service in 2010. Chief of Fire Paul Stubbs continued to grant requests for extensions to all firefighters that passed the independent medical exam. Plaintiffs Joseph T. Sadie, Phyllis Trappenberg, Joseph James, David Good, and Robert Nowakowski were long-standing members of the Police Department who submitted requests for extension of service with the Department in 2010. Chief McGrath denied their requests and they were forced into mandatory retirement at the close of business on their birthdays.

Sadie was the first plaintiff retiree forced into retirement and the first to file a claim. The remaining plaintiffs were forced into retirement while Sadie was conducting discovery in his case, and they filed a separate suit that was later consolidated with Sadie's suit. The defendants are the City of Cleveland, Mayor Frank Jackson, Public Safety Director Martin Flask, and Chief McGrath. The retirees alleged that their forced retirements violated state and federal age-discrimination statutes as well as the Equal Protection Clause of the Fourteenth Amendment. The City moved for summary judgment, and the district court granted the motion. The district court determined that the retirees' forced retirements did not violate the age discrimination statutes because the retirees failed to satisfy their burden in disproving the City's claim that the retirement ordinance is a permissible retirement plan under 29 U.S.C. § 623(j). The district court

also held that the retirees' forced retirements did not violate the Equal Protection Clause because their retirements were rationally related to the Police Department's budget concerns.  The retirees appeal the district court's judgment.

## II.

We review a district court's grant of summary judgment de novo.  *Binay v. Bettendorf*, 601 F.3d 640, 646 (6th Cir.2010).  Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  "In deciding a motion for summary judgment, the court must view the factual evidence and draw all reasonable inferences in favor of the nonmoving party."  *Banks v. Wolfe Cnty. Bd. of Educ.*, 330 F.3d 888, 892 (6th Cir.2003) (citing *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

## III.

The retirees allege that the City discriminated against them on the basis of age in violation of both state and federal law.

Given the similarity of the Ohio and federal statutes governing age discrimination, courts may generally apply federal precedent to age discrimination claims under Ohio law.  *Minadeo v. ICI Paints*, 398 F.3d 751, 763 (6th Cir. 2005) ("The federal Age Discrimination in Employment Act ("ADEA") is applicable to state law claims brought pursuant to Ohio age discrimination law.").  Thus, we will apply federal precedent to the retirees' state and federal age-discrimination claims.

The Age Discrimination in Employment Act makes it unlawful for employers to discharge any individual on the basis of his or her age.  29 U.S.C. § 623(a)(1).  However, the Act has an exception that allows state and local governments to set mandatory retirement ages for firefighters and law enforcement officers.  29 U.S.C. § 623(j).  Section 623(j) applies if the firefighter or law enforcement officer is over fifty-five years old and is discharged pursuant to a retirement plan "that is not a subterfuge to evade the purposes" of the Act.  *Id.*

The retirees argue that the district court misallocated the burden of proof in determining whether the City's mandatory-retirement ordinance was a subterfuge to evade the purposes of the Act. The retirees claim that the district court mistakenly relied on *Public Employees Retirement Sys. v. Betts*, 492 U.S. 158 (1989), in placing the burden of proof on them to prove subterfuge. *Betts* held that the plaintiff has the burden to prove subterfuge when the defendant relies on an exception within the Act. *Betts*, 492 U.S. at 181. The section at issue in *Betts* was the former section 623(f)(2), which permitted an employer to consider age when observing the terms of an employee-benefit plan. *Id*. at 163. Following the *Betts* decision, Congress enacted the Older Workers Benefit Protection Act of 1990 in order to amend section 623(f)(2) and to clarify that the benefit-plan exception provides an affirmative defense. *See* Older Workers Benefit Protection Act, Pub. L. No. 101-433, 104 Stat. 978 (1990) (codified at 29 U.S.C. § 621). In *Meacham v. Knolls Atomic Power Lab.*, 554 U.S. 84, 94–95 (2008), the Supreme Court recognized Congress's intent in amending section 623(f)(2). The Court overruled *Betts* and held that section 623(f)(1), a provision with language identical to section 623(f)(2), provides an affirmative defense and that the defendant has the burden of production and persuasion. *Meacham*, 554 U.S. at 93–95.

The retirees and the City disagree on whether *Meacham* applies to section 623(j). The retirees claim that section 623(j) provides an affirmative defense and that, as such, *Meacham* applies and the City has the burden to establish that its retirement plan is not a subterfuge to evade the Act's purposes. The City argues that *Meacham* does not control because the Court interpreted section 623(f), not 623(j). Further, it argues that the legislative history and text of section 623(j) support its argument that the burden of proof rests on the retirees. In particular, the City points to the fact that section 623(j), like the former section 623(f)(2) analyzed in *Betts*, lacks the language that Congress added to section 623(f)(2) by way of the Benefit Protection Act. The City argues that Congress's failure to amend section 623(j) is an indication that 623(j) does not provide an affirmative defense and that the burden of persuasion on the issue of subterfuge is on the retirees.

This Court has not determined *Meacham's* impact on section 623(j) and we do not need to make that determination in order to resolve the present case. The City's retirement plan, which has existed in some form since 1960, explicitly provides that it exists "in the interest of [the Police Department's] efficiency." Cleveland Codified Ordinance § 135.07(a). The Department provides the essential public function of protecting the City's inhabitants and it is important that it do so efficiently by maintaining a balanced workforce. The City established that Chief McGrath decided to force the mandatory retirement of all police officers over the age of sixty-five because of the layoff and demotion of officers resulting from budget cuts. The layoffs and demotions created a need for promoted and non-promoted officers that the Department could fill if it denied requests for extension of service. Both Chief McGrath and Deputy Chief Timothy Hennessy testified that Chief McGrath decided to deny all requests for an extension of service because there were police officers eligible for rehire and promotion. Chief McGrath's decision to deny all requests is in furtherance of the stated purpose of the retirement plan—the efficiency of the Department—and the retirees have not put forth any evidence suggesting that the plan exists for some reason other than its stated purpose. Even if the district court incorrectly placed the burden of proof on the retirees, the City has met its burden in establishing that the retirement plan is not a subterfuge for evading the purposes of the Act.

The retirees argue that the City enforced its mandatory-retirement ordinance because certain City officials expressed a preference for younger officers. Essentially, the retirees argue that the City was not concerned with the efficiency of the Police Department, but that it forced the retirees into retirement due to discriminatory animus toward older police officers. The problem with the retirees' argument is that it ignores the fact that the Act explicitly allows for the termination of police officers on the basis of age. The First, Second, and Seventh Circuits have all rejected an interpretation of "subterfuge" that would nullify the exemption for the mandatory retirement of police and fire officers. *Correa-Ruiz v. Fortuno*, 573 F.3d 1, 13 (1st Cir. 2009) ("Using age as a basis for requiring retirement is precisely what section 623(j)(2) entitles the Commonwealth to do . . . ."); *Feldman v. Nassau Cnty.*, 434 F.3d 177, 184 (2d Cir.

2006) ("There is nothing deceptive about the state legislature doing exactly what Congress provided it the authority to do—namely, benefitting from an exception to the general prohibition in the ADEA against discrimination on the basis of age."); *Minch v. City of Chicago*, 363 F.3d 615, 629 (7th Cir. 2004) ("The ADEA does not forbid Chicago from making age-based retirement decisions as to its police and fire personnel . . . ."). The Act allows state and local governments to terminate police and fire officers on the basis of their age pursuant to mandatory-retirement provisions.

The retirees also argue that the district court raised the burden of proof issue sua sponte in violation of Federal Rule of Civil Procedure 56(f). Rule 56(f) permits the district court to grant summary judgment on grounds not raised by a party so long as it provides notice and a reasonable opportunity to respond. Fed. R. Civ. P. 56(f). If the district court improperly granted summary judgment on grounds not raised by the City, the retirees must demonstrate prejudice in order to obtain relief on appeal. *Yashon v. Gregory*, 737 F.2d 547, 552 (6th Cir. 1984).

First, the district court granted summary judgment on grounds raised by both parties—the application of the retirement-plan exception found in 29 U.S.C. § 623(j). The retirees and the City extensively briefed the issue in the district court. The district court's allocation of the burden of proof when analyzing 623(j) did not invoke the protections of Rule 56(f). Second, even if the district court's allocation of the burden of proof invoked the protections of Rule 56(f), the analysis above establishes that the retirees cannot establish prejudice. The evidence shows that, had the district court placed the burden of proof on the City, the City still would have been entitled to summary judgment because it established that its retirement plan exists for the efficiency of the Police Department and that the plan is not a subterfuge to evade the Act's purposes. The retirees filed an extensive brief in opposition to the City's motion for summary judgment putting forth all of its evidence in an attempt to show subterfuge; however, the evidence only established that the City did exactly what the Act empowers it to do. The district court did not violate Rule 56(f).

IV.

The retirees allege that their forced retirements violated the Equal Protection Clause of the Fourteenth Amendment, and that the district court misapplied the rational-basis test to their claim.

The Fourteenth Amendment provides that "[n]o State shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. The Fourteenth Amendment's purpose is "to secure every person within the state's jurisdiction against intentional and arbitrary discrimination, whether occasioned by express terms of a statute or by its improper execution through duly constituted agents." *Sioux City Bridge Co. v. Dakota Cnty.*, 260 U.S. 441, 445 (1923) (quoting *Sunday Lake Iron Co. v. Wakefield Twp.*, 247 U.S. 350, 352 (1918) (internal quotation marks omitted)). In a case such as this, where no suspect class or fundamental right is implicated, we apply the rational-basis test and sustain the government action in question "unless the varying treatment of different groups or persons is so unrelated to the achievement of any combination of legitimate purposes that [the court] can only conclude that the [government's] actions were irrational." *United States v. Green*, 654 F.3d 637, 651–52 (6th Cir. 2011) (quoting *Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 84 (2000) (internal quotation marks omitted)).

The retirees argue that Chief McGrath's decision to deny all requests for extension of service amounted to a violation of the Equal Protection Clause because the Fire Chief decided to grant requests for extensions to all firefighters that passed the independent medical exam. The district court held that the police department's decision not to extend the service of its officers over sixty-five years old was rationally related to the legitimate purpose of addressing budget concerns. We agree with the district court's determination. Faced with budget concerns, the Police Department laid off sixty-seven patrol officers and demoted twenty-eight promoted police officers. As a result of that decision, Chief McGrath decided that, when faced with the choice of bringing back and re-promoting those officers or extending the service of its officers over sixty-five, he would bring back the most-needed officers in order to help maintain the vitality of the

department.  Chief McGrath's decision was rationally related to the legitimate purpose of addressing the Department's budget concerns.

We AFFIRM.